GEORGE CARTER *v.* STATE OF MISSISSIPPI.

CRIMINAL PROCEDURE. *Jurors. Unattended absence. Bailiff. Felony.*
On the trial of one charged with a felony, if the jurors depart from the bar unattended by a sworn bailiff, their verdict will be vitiated, unless it be affirmatively shown that it is above suspicion.

FROM the circuit court of Sunflower county.
HON. FRANK E. LARKIN, Judge.

Carter, the appellant, was indicted for grand larceny, tried and convicted in the court below, and sentenced to the penitentiary. From the conviction and sentence he appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Johnson & Chapman*, for appellant.

During the progress of the trial in this case, the jury were allowed to leave the court room, cross a public street, and go to a water closet about one hundred yards from the courthouse, not being accompanied by any sworn officer or bailiff. This is fully established by the testimony of R. P. Miller, taken on the motion for a new trial. The rigors of the common law as to the keeping of a jury during a trial and while they are considering their verdict, has been mollified, but in this state, up to the present time, our courts have rigidly adhered to the doctrine that in the trial of felony cases the jury should be kept together and in charge of a sworn bailiff. Whenever the jury are allowed to separate or get away from the sight and hearing of the bailiff in their charge, the law itself raises a presumption against their verdict. There is a presumption that they have been talked to and tampered with, and the burden of proof is upon the state to clearly establish that this has not been done, and unless the state meets this burden, the verdict should be set aside. *Durr* v. *State*, 53 Miss., 426; *Green* v. *State*, 59 Miss., 504; *Organ* v. *State*, 26 Miss., 78; *Hare* v. *State*, 4 How. (Miss.), 187; *Boles* v. *State*, 13 Smed. & M., 398.

*Monroe McClurg*, attorney-general, for the appellee.

The proposition that in all felony cases the jury should be kept together, is not controverted. Nevertheless, it must be conceded that the facts in this case do not justify the legal presumption insisted upon by appellant, that the jury was both beyond the control of the court and out of the presence and supervision of the bailiff. The testimony of Miller is not

strong enough to leave the case entirely upon the legal pre-
sumption.    A counter presumption is that the court and its
officers complied with the law, and the latter presumption is
not overcome by the testimony of an outsider that there was
nobody, that he knew of, in charge of the jury.    There is
scarcely enough in the record to show even an opportunity to
tamper with the jury or any member of it.    It is quite improb-
able that any injury could have been done to the appellant.
*Green* v. *State*, 59 Miss., 501; *Russell* v. *State*, 53 Miss., 367.

TERRAL, J., delivered the opinion of the court.

George Carter was tried and convicted in the circuit court of
Sunflower county of grand larceny, and was sentenced to the
penitentiary for three years.    He excepted to several rulings
of the court in the admission of testimony and in giving of in-
structions, but we find no error committed in that behalf.    He
also moved for a new trial, which was refused.    One ground
of the motion was that the jury had, during the trial, gone from
the court room and into and across the public street to a house
or office there situate, and during that time they were not under
the supervision of any officer.    Upon the hearing of the motion
R. P. Miller testified that he was deputy sheriff, and was in
the court room when the jury, or one of them, requested per-
mission of the court to retire for a few minutes; that permission
was given, and that the jury left the court room, and went
some hundred yards across a public street to the water-closet,
and that no officer went with them, so far as he knew.    This is
the substance of the record on this point, and it is claimed that
it is insufficient to overcome the effect of the maxim, " *Omnia
rite acta præsumuntur.* "    But we think the testimony of Miller
shows that the jury were unattended by an officer while absent
from the court room, and we suppose that, if the fact had been
otherwise, the judge would have so certified in the bill of ex-
ceptions, as such matters are under his supervision.    But, if
the matter had passed from his recollection, it would have been

an easy matter for the district attorney to have proven such attendance.    We conclude the fact to be that the jury was absent from the court room for some minutes unattended by any officer of the court.    It is said that the rule of the common law is, where the jurors depart from the bar, a bailiff must be sworn to attend them.    A departure from this rule is an irregularity which vitiates the verdict, unless it be affirmatively shown that it is above suspicion.    In this state the rule is modified in reference to misdemeanors and in civil cases, but it obtains in all its force in respect to felonies.    The departure of the jury from the bar in this case unattended by an officer subjects it to a suspicion of improper influence, which was not removed, and the verdict cannot be upheld.    Our court, in all the cases before it, has spoken with one voice in favor of this rule, the only one that can insure the purity of the verdict.    *Hare* v. *State*, 4 How. (Miss.), 187; *Boles' case*, 13 Smed. & M., 398; *Organ's case*, 26 Miss., 78; *Prewitt* v. *State*, 65 Miss., 438, s.c. 4 South., 346; *Durr* v. *State*, 53 Miss., 425.    In Organ's case the separation of one juror from the superintendence of the bailiff was held to be an irregularity that vitiated the verdict.    With stronger reason must the separation of all the jury from the superintendence of an officer have a like effect.

*Reversed and remanded.*