## BUCKEYE COTTON OIL CO. *v.* OWEN.

### [In Banc. No. 20971.]

1. TRIAL. *Quotient verdict irregular if result of agreement.*
   A verdict arrived at by adding together the amounts the several
   jurors thought should be awarded to the plaintiff and dividing
   the sum thus obtained by twelve, pursuant to a previous agree-
   ment by the jurors so to do, is irregular and will be set aside.

2. TRIAL. *To render quotient verdict error, previous agreement is
   necessary.*
   A quotient verdict will not be set aside unless it affirmatively ap-
   pears from the evidence that the jurors agreed in advance to
   return such a verdict.

APPEAL from circuit court of Layfayette county.
HON. H. H. Elmore, Judge.

Action by Will Owen against the Buckeye Cotton Oil
Company. From a judgment for plaintiff, defendant ap-
peals.

*Basil L. Mayes* and *S. L. Gwin,* for appellant.

*Gardner, McBee & Gardner,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment awarding the ap-
pellee damages alleged to have been sustained by him be-
cause of the negligence of the appellant.

There is no reversible error, if error at all, in any of
the matters complained of, only one of which will be here
specifically noticed, and that is that the jury returned a
quotient verdict. This question was raised in the court
below on the motion for a new trial, and it appears from
the evidence introduced in support thereof, as set forth
in the opinion rendered by the trial judge:

"That within a minute or two after the jury had retired the jury sent word to the judge not to be in a hurry, that they would be out presently, and at the same time called for some paper which was carried to them by the deputy sheriff; and that within about fifteen minutes the jury returned a verdict for the plaintiff for one thousand dollars. The next morning early, one of the attorneys for defendant found in the jury room twelve ballots on which were written different amounts from three hundred to two thousand dollars, and a sheet of paper with a column of figures corresponding in amounts exactly to the amounts on the ballots; and this column of figures had been added on that sheet of paper and the sum divided by twelve, leaving a quotient of nine hundred seventy dollars."

All of the figures on the sheet of paper which contained the column of figures corresponding to those on the ballots were in the handwriting of one of the jurors. The trial judge was of the opinion, in which we concur, that these calculations were made by the jury.

A verdict arrived at by adding together the amounts the several jurors thought should be awarded to the plaintiff and dividing the sum thus obtained by twelve, pursuant to a previous agreement by the jurors so to do, is irregular and will be set aside. *Parham* v. *Harney,* 6 Smedes & M. 55.

"But where there is no previous agreement to be bound by such quotient verdict, simply adopting that method and agreeing in the result so obtained is not enough to make the verdict bad; and all the more is this true where the result so obtained is not in fact adopted as the verdict. The impropriety of this practice consists, not in the method nor the sum of the result, but in the prior agreement to be bound by it." 20 R. C. L. 244; 29 Cyc. 812; 39 Cyc. 1844.

The ground of objection to a verdict rendered pursuant to such an agreement is that—

"The agreement cuts off all deliberation on the part of the jurors, and places it in the power of a single juror to make the quotient unreasonably large or small, by naming a sum extravagantly high or ridiculously low. It is not material on what particular scheme of averages this 'quotient verdict' is devised; the vitiating fact is the agreement in advance to abide by the result."

Leaving out of view the discrepancy of thirty dollars between the amount awarded the appellant and the quotient obtained by dividing by twelve the aggregate of the amounts on the ballots, the verdict here in question cannot be disturbed for the reason that it does not appear from the evidence that the jurors agreed in advance to to return the quotient thus obtained as their verdict. For aught that appears to the contrary, the quotient method may have been adopted by the jury merely as an experiment, resulting in each juror afterward becoming convinced that the amount thereby arrived at was that to which the plaintiff was justly entitled.

*Affirmed.*