231 So.2d 798 (1970)
Eddie RATLIFF, a Minor by Luther Ratliff, Father and Next Friend
v.
James H. NAIL, Jr.
No. 45629.
Supreme Court of Mississippi.
February 16, 1970.
Mitchell M. Lundy, Jay Gore, Jr., Grenada, for appellant.
Sullivan, Dunbar & Smith, Clarksdale, for appellee.
*799 INZER, Justice:
This is an appeal by Eddie Ratliff, a minor from a judgment of the Circuit Court of Grenada County entered as a result of a jury verdict in favor of appellee in a personal injury action. We affirm.
Appellant sued appellee for damages resulting from a collision between a motorcycle driven by appellant and an automobile owned and operated by appellee. The accident happened on Highway 51 about 11:40 p.m. on October 9, 1966, a short distance south of the city limits of the City of Grenada. Eddie Ratliff was riding a motorcycle and James H. Nail was following him in his car. As both vehicles were traveling in a southerly direction at a point going down a gradual slope, appellant attempted a left hand turn into the driveway of his home at the same time appellee was attempting to pass. Appellant testified that before he attempted to make his left turn into the driveway of his home that he blinked his brake lights and gave a hand signal of his intention to turn and that as he made his turn he was struck by the car. Appellee testified that before he attempted to pass the motorcycle he blinked his lights and pulled into the left lane and appellant without giving any signal turned his motorcycle to the left and although appellee turned his car to the left in an attempt to avoid the collision, the motorcycle struck the right front fender of his car. The force of the collision threw appellant into the windshield of the car and he was then thrown back onto the center of the highway. Appellee testified that shortly after the collision and before he had an opportunity to get any help, a pickup truck came over the crest of the slope traveling at a speed estimated by Nail to be 70-75 miles per hour and ran over appellant and turned him completely around in the road. This pickup truck was later located at Camp McCain by the highway patrolman who investigated the accident. The driver of the truck when questioned by the patrolman admitted that he ran over the motorcycle but denied that he struck appellant as he was lying in the highway. A driver of a school bus testified that a pickup truck passed him a short distance from the point of the accident. He estimated the speed of *800 the truck at the time it passed him to be 60-65 miles per hour and accelerating. He lost sight of the truck momentarily when it went over the crest of the slope and when he saw it again it was swerving in the road and sparks were flying.
Appellant argues two propositions for the reversal of this case, both of which were passed on by the trial court in considering a motion for a new trial. The first proposition is that the trial court was in error in granting at the request of appellee an instruction which instructed the jury that the driver of the pickup truck was negligent in the operation of his truck and if the jury believed from a preponderance of the evidence that such negligence contributed to appellant's injury, then appellee was not responsible for such of appellant's injuries caused by the negligence of the driver of the pickup truck, unless the jury believed from a preponderance of the evidence that such negligence was foreseeable by the appellee. The trial judge in passing on a motion for a new trial said in regard to this instruction:
Frankly, we are not certain that the Court was correct in granting defendant's instruction No. 4 in the form and language in which it was presented and given. If the jury had found for the plaintiff on liability, this might have become a serious question. However, it appears to us that this instruction only goes to the amount of damages and not to the question of liability. We do not believe that, by any logical reasoning or interpretation, this instruction could be considered or construed as being in effect a peremptory instruction to find for the defendant.
We are in agreement with what was said by the trial judge in regard to this instruction. Furthermore, when the instruction is read in conjunction with two instructions granted appellant on this issue, we are unable to see how the jury could be misled. We find no reversible error in this regard.
The second proposition is that the trial court committed reversible error in overruling appellant's motion for a new trial on the basis of an unauthorized visit by a juror to the scene of the accident. We find no merit in this assignment of error since there was no competent evidence before the court to support the motion. The trial judge allowed a juror to testify over the objection of the appellee and during a recess in the trial of the case, that while on his way to his place of employment he passed the scene of the accident and made certain observations and calculations and relayed the result of his investigation to two or more jurors. Two other jurors testified that they heard the juror make a statement about what he observed but that the statement did not influence their verdict in the case. There was also other evidence by the jurors as to what went on in the jury room. The trial judge found that the evidence had to do with testimony relative to the pickup truck and not the question of how the collision occurred between the car and the motorcycle. He stated: "There is nothing in the record to indicate or suggest that his intentions and motives were anything other than honorable and proper. No corruption of the jury is shown at any point in the proceedings."
It has long been the law of this state that jurors cannot testify to impeach a verdict rendered by them. See Index Drilling Co., Inc. v. Williams, 242 Miss. 775, 137 So.2d 525, 8 A.L.R.3d 323 (1962) and the authorities therein cited.
The trial judge should have sustained appellee's objection to the testimony of the jurors in an attempt to impeach their own verdict, but in any event he was correct in denying appellant's motion for a new trial on this ground.
For the reasons stated, this case should be, and is affirmed.
Affirmed.
GILLESPIE, P.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.