INZER, Justice:
This is an appeal by Mrs. Pearl Parker from a judgment of the Circuit Court of Harrison County dismissing her suit against the appellees Roger D. Helton, Cecil Thomas, Chester L. Nelson, and George Johnson, in which she sought to recover damages resulting from a collision between an automobile driven by appellant and a truck owned by George Johnson and driven by Roger Helton. The judgment was entered as a result of a jury verdict in favor of all defendants. We affirm.
After a careful review of the record in this case, we are of the opinion that it would serve no useful purpose to detail the evidence concerning the collision. It is sufficient to say that the evidence made a jury issue as to whether the appellees were guilty of any negligence which caused or contributed to the accident. The evidence was such that the jury could find that the negligence of appellant was the sole proximate cause of the accident.
The only error assigned and briefed which merits any discussion is whether the trial court was in error in overruling appellant’s motion for a new trial. The sole basis for this motion is the allegation that two jurors made an unauthorized view of the scene of the accident during the course of the trial.
Appellant introduced three witnesses in support of her motion. Orash Parker, her son, testified that on Thursday the second day of a three day trial, he, together with Sheriff Ladner, observed one of the jurors and Curtis Parker, nephew of appellant’s husband, near the scene of the accident. He thought the name of the juror was Hel-wick. He testified the two were motioning and pointing.
Sheriff Ladner testified that he and Or-ash Parker observed Curtis Parker talking with one of the jurors after the court recessed on Thursday. He stated the juror was measuring certain distances at the scene of the accident.
Mrs. Eva Parker, appellant’s daughter-in-law, said she saw a juror, whose name she did not know, talking with Curtis Par *526 ker on Friday the last day of the trial. She observed that the two were talking and gesturing.
Curtis Parker was not called as a witness at the trial or on the motion, but a statement which he made when the accident was being investigated was introduced as an exhibit to Sheriff Ladner’s testimony. This statement reflects that his knowledge concerning the accident was favorable to the appellant.
The court held that no prejudice to appellant had been shown and overruled the motion for a new trial. We cannot say that the court abused its discretion in so doing. The scene of the accident was not the predominate issue in this case. Several photographs were introduced into evidence showing the T-intersection and the surrounding scene. The person talking with the jurors at the scene was related by marriage to appellant and the trial court, no doubt, took this into consideration, together with his statement relative to his version of how the accident happened in arriving at his decision. In Crawley v. Illinois Central RR., 248 So.2d 774 (Miss.1971), we held that where jurors disobeyed the order of the court to the extent of going to the scene involved in the case, when the scene was a material factor in issue, for the purpose of obtaining additional evidence, such conduct must be considered improper and a new trial granted. However, we concluded by stating:
If the testimony divulges that the inspection was casual, or of such a nature as not to be calculated to influence the verdict of the jury, a new trial should not be granted. . . . Where the inspection is of such a nature as to relate to a vital issue in dispute and calculated to influence members of the jury —and which probably did influence the jury verdict — a new trial should be granted. (248 So.2d at 777).
After careful consideration of the evidence in support of the motion for a new trial, we cannot say the trial court abused its discretion in overruling the motion.
We have carefully considered the other errors assigned, find no reversible error and are of the opinion that this case should be and it is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, ROBERTSON, and SUGG, JJ., concur.