LEE, Justice,
for the Court:
Linnie Mae Bostic filed suit in the Circuit Court of Stone County against Richard T. Mitchell for personal injuries alleged to have been sustained by her. From a jury verdict and judgment in favor of the defendant she appeals here and assigns the following errors in the trial below:
(1) The court erred in allowing introduction of pictures which did not depict the general layout of the scene of the accident, but only an isolated part thereof.
(2) The court erred in modifying the peremptory instruction of appellant.
(3) The court erred in allowing Instruction D-6 and giving Instruction D-10, which instructions were confusing in that they were not based on evidence in the case.
(4) The court erred in overruling appellant’s motion for a new trial when two jurors went to the scene of the accident against the instructions of the court.
About 9:00 p. m. October 30, 1975, appellant was sitting with three friends in a booth at the Pinewood Truck Stop Restaurant near Wiggins. Appellant’s back was against the booth and west wall of the restaurant, one friend was sitting beside her and the other two were facing her across the table. Appellee drove up to the restaurant in a Volkswagen automobile, started to apply the brakes in order to stop, his foot slipped off the brake pedal (it was slick) hit the accelerator and the automobile went over a walk and struck the side of the building approximately five (5) feet from where appellant was sitting inside. Appel-lee testified that the vehicle was traveling approximately five (5) miles per hour when it hit the building, that there was no damage to the vehicle or the building except that a plate glass window was knocked loose.
Appellant testified that the impact knocked the booth in which she was sitting approximately six (6) or seven (7) inches away from the wall, that she was thrown forward onto the table, that she experienced a sharp pain in her back, and that she went to the emergency room of the hospital and was seen by a Dr. Hughes, who gave her a shot and a pill for the pain. The next day she went to the office of Dr. Campbell, a partner of Dr. Hughes, who examined her and found that she had a condition called “kyposis,” a wedging of the vertebra anteri-orly. This condition was not related to the accident. Dr. Campbell’s examination was subjective except that he did find appellant had a muscle spasm. She was admitted to the Stone County Hospital and remained there for seven (7) days. Appellant stated that her back and neck were hurting during that time. She returned home and later went back to the hospital for a period of eight (8) days. Dr. McCarthy, a Hatties-burg orthopedist, subsequently examined her and found nothing wrong from the skeletal standpoint but advised that she continue wearing a brace, which Dr. McCarthy had prescribed for her. Appellant is 5' 5" tall and weighs 223 pounds. Neither Dr. Hughes nor Dr. McCarthy testified in the case.
*1358 Margie Miles, a waitress in the restaurant at the time of the collision, testified that she did not know appellant had been injured, that she waited on the table after the accident and that there was no apparent damage to the building except that the wall was pushed in a little.
I.
Did the court err in allowing introduction of pictures which did not depict the general layout of the scene of the accident?
Over objection, the trial judge admitted in evidence one photograph of the Volkswagen automobile and three photographs of the outside of the restaurant at the place where the vehicle struck it. Appellant contends that the pictures showed only a part of the automobile and restaurant and were not competent because there was no general showing of the scene.
The assignment is without merit. The photographs were properly identified as being fair and accurate representations of the objects they depicted. Their purpose was to show the point of impact and damage, or lack of damage, to the building and the vehicle. The court did not abuse its discretion in admitting same.
“A photograph may be received even though it does not show the entire premises or object to which the controversy relates, especially where evidence concerning the omitted portion is introduced by both sides.” 32 C.J.S. Evidence § 713, at 1004 (1964).
“If a photograph correctly shows the situation and surroundings as far as it purports to show them, it should not be excluded because it does not show all of the detailed facts and circumstances.” 29 Am.Jur.2d Evidence § 785, at 858 (1967).
Louisville & Nashville Railroad Co. v. Daniels, 252 Miss. 1, 172 So.2d 394 (1965), cited by appellant, is distinguished from the present case. There, the Court stated that the photographs of appellee did not fairly represent the general layout and were not shown to represent fairly the condition at the time of the appellee’s alleged injury.
In Nelson v. Phoenix of Hartford Ins. Co., 318 So.2d 839 (Miss.1975), the Court held that the mere fact that photographs were taken at a time when conditions were somewhat changed does not render such photographs inadmissible so long as the changes are carefully pointed out to the jury and that the trial court has wide latitude and discretion in admitting such evidence.
II.
Did the court err in modifying the peremptory instruction of appellant (C-10)?
III.
Did the court err in allowing Instruction D-6 and giving Instruction D—10, which instructions were confusing in that they were not based on evidence in the case?
Appellant argues that the trial court erred in declining to peremptorily instruct the jury that it find damages for appellant as a result of the negligence of appellee. The court granted a peremptory instruction that appellee was guilty of negligence, but submitted to the jury the question of causal connection between the negligence and appellant’s injuries, and the question of damages, if there was causal connection.
The physical evidence indicated a very slight impact with no damage to the vehicle and little damage to the building. Appellee and Margie Miles had no knowledge of any injury or complaint by appellant, no other person sitting in the booth was injured, nor was any other person in the building injured. The medical evidence was largely subjective and appellant suffered from kyposis, a congenital illness. Under those facts, the trial court properly instructed the jury that appellee was guilty of negligence in running into the building and properly submitted for the jury’s determination whether appellant sustained injuries as a result of the collision. See American Creosote Works of Louisiana v. Harp, 215 Miss. 5, 60 So.2d 514 (1952).
The peremptory instruction on negligence granted by the court is numbered *1359 C-10. The Instruction D-6 granted to ap-pellee told the jury that the plaintiff was required to prove by a preponderance of the evidence that her physical complaint and condition and medical expenses were the proximate result of the collision. Since C-10 was given properly, it follows that the trial court correctly gave Instruction D-6.
IV.
Did the trial court err in overruling appellant’s motion for a new trial when two jurors went to the scene of the accident against the instructions of the court?
During a long recess, two jurors went to a cafe for lunch. The cafe was full and they drove to the Pinewood Truck Stop where the accident occurred. After verdict, and on motion for a new trial, witnesses testified that they saw the two jurors in the Pinewood Truck Stop and that they were pointing toward the place where the accident occurred. The jurors testified that they went to the place by chance and that it did not occur to them the accident had happened there. Under such circumstances, there is no merit in this contention. Crawley v. Illinois Central R. R. Co., 248 So.2d 774 (Miss.1971). In Crawley, the Court stated:
“We are of the firm opinion that the verdict of a jury should not be subject to impeachment by testimony of the jurors; nevertheless, where jurors disobey the orders of the court to the extent of visiting the scene involved in a case, when the scene is a material factor in issue, as in this case, for the purpose of obtaining additional evidence, such conduct of jurors must be considered to be improper. This was incompetent evidence thrown into the deliberations of the jury obtained by two jurors, probably innocently, though not lawfully.
If the testimony divulges that the inspection was casual, or of such a nature as not to be calculated to influence the verdict of the jury, a new trial should not be granted.” (Emphasis added). 248 So.2d at 777.
There being no reversible errors in the trial below, the judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, BOWLING and COFER, JJ., concur.
SUGG, J., took no part.