In the lower court Tillman Peters, the appellant, was sentenced to serve a term of one year in the state penitentiary for having in his possession a still.
Officers making a search found a can with a hole in the top, a trough with a pipe attached, and the pipe crooked to fit the can. Around the connection of the pipe and the trough there was wet mud daubed when they found it, and likewise wet mud around the hole in the can. In the house there was a half barrel of mash. The officers swore that what they found constituted a complete still for the manufacture of whisky, and that they smelled the mash or beer all around the place.
The appellant testified that he had all these articles in possession, but denied that the pipe was crooked. That was the only material difference between his testimony and that of the officers who made the search.
Counsel for the appellant relies mainly on the admission of the evidence of the search and of the search warrant and affidavit over his objection, and strenuously insists that he is entitled to reversal for that reason.
Leaving out of view the evidence of the appellant himself that all the articles described by the officers were found in the search, except his denial that the iron pipe was so crooked as to fit the can, the objection cannot be considered here for the simple reason that counsel for the appellant made a specific objection which did not attack the validity of the search warrant and affidavit nor did it make known to the court below that he had that idea in mind, and the court did not pass thereon. The search warrant does not contain the words "and does believe" after the words "has reason to believe," and the warrant directed a search only of individuals named therein, to-wit, the appellant and his wife. The officers testified that they made the search by virtue of a search warrant and served same on the appellant and returned same to the justice of the peace who issued it, who in turn testified that he mailed all the papers to the circuit clerk. *Page 534 
The circuit clerk had no individual recollection of receiving the papers, but said they had been lost or turned over to the grand jury and not returned and were not then in his possession.
After proving the contents of the two instruments, the state offered the purported copy of the affidavit for a search warrant as exhibit A to the evidence of a witness, wherein appellant interposed this objection: "Objection because it is not the same, and because there was no notice given that this thing was lost. Overruled. Exception. The state offers the copy of the search warrant as exhibit `B' to the testimony of this witness. Objection for the same reasons given above. Overruled. Exception."
This is the only objection in this record relative to the introduction of these papers, or the evidence procured thereunder. The objection is specific and does not remotely or indirectly call the court's attention to the fact that he contended the affidavit and writ were void. Conceding that the affidavit and search warrant were void, the objection was specific and did not embrace any idea of the invalidity of the instruments offered, and did not offer any suggestion that the search warrant offered was invalid. Counsel calls our attention to Cyc. vol. 38, p. 1399, which is to the effect that where an objection is distinctly made and overruled it need not be repeated for the same class of evidence in order to save the objection. In other words, the objection continues when once the point is called to the attention of the court. He also cites Barton v. Kane, 17 Wis. 37, 84 Am. Dec. 728, which is to the same effect and not applicable to the facts here presented. Referring to 38 Cyc. at page 1397, we find the rule stated which is applicable to this case: "The statement of one or more specific grounds of objection to the introduction of evidence is a waiver of all other grounds of objection." This rule seems to be approved *Page 535 
by a vast majority of the courts of this country, including the supreme court of the United States.
In the lower court counsel made a specific objection and gave a specific ground therefor, and in this court he presents an entirely different and wholly unrelated ground of objection to the testimony offered. If the objection was in the mind of counsel, he never made it so appear to the lower court. A specific objection on a specific ground stated to the court does not warrant on appeal a reversal of a case on another and different ground of objection. There is no reversible error in this record.
Affirmed.