WILLIAMS v. STATE.

(Division A. Nov. 26, 1934.)

[157 So. 717. No. 31463.]

E. R. Wall, of Newton, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a conviction of having intoxicating liquor in possession. The case originated in a county court, and the judgment of conviction there rendered was affirmed by the circuit court. No evidence was offered by the appellant, but at the close of the state's evidence he requested the court to exclude it, and to direct the jury to return a verdict of not guilty. The ground of this motion is that the evidence introduced by the state was obtained by means of an unlawful arrest of the appellant. The evidence discloses that J. M. Wells, marshal of the town of Newton, received a telephone call "to come to Lim Williams' house." He was not advised of the purpose for which he was called, but went immediately to Williams' house, accompanied by two other persons. On arriving at the house, Williams was standing in the front yard thereof, but immediately turned and went into the house. Wells was preparing to follow him when Williams emerged therefrom with a box in his arms, and ran. At Wells' request Joe Wagner, one of the persons who accompanied him to the house, stopped Williams and took the box from him, which, on being opened, disclosed that it contained several bottles of whisky. After the box was taken from him, Williams stated that he

had the whisky for his own use. Wagner also gave similar testimony, without objection by the appellant.

The only argument by the assistant attorney-general in support of the refusal of the court below to sustain the motion to exclude the evidence is that the motion was made too late. "The general principle governing the time of the objection to the admission of evidence" is that it must be made as soon as the applicability of it is known (or could reasonably have been known) to the opponents, unless some special reason makes a postponement desirable for him and not unfair to the proponent of the evidence. 1 Wigmore on Evidence, sec. 18; Dick v. State, 30 Miss. 593; Mabry v. State, 71 Miss. 716, 14 So. 267; McNutt v. State, 143 Miss. 347, 108 So. 721; Harris v. State, 153 Miss. 1, 120 So. 206.

It was clear from Wells' evidence, delivered before that here objected to was offered, that neither he nor Wagner had a warrant for the appellant's arrest. The only objection to any portion thereof prior to the close of the state's evidence was as follows:

"Q. What did Lim Williams say on this occasion? A. He said he had this for his own use.

"Mr. Wall: We object.

"The Court: Overruled.

"Mr. Wall: We except."

This evidence was relevant to the issue, and the general objection did not direct the attention of the court to the specific objection now made thereto. Consequently it cannot now be considered. 1 Wigmore on Evidence, sec. 18; Jackson v. State, 163 Miss. 235, 140 So. 683, and authorities there cited. No request was made by the appellant, at the time the evidence complained of was offered, for leave to postpone objections thereto to a later stage of the trial; and the record discloses no reason why the court should have granted such an indulgence.

Affirmed.