JOHNSON *v.* STATE.

March 22, 1954

No. 39091 58 Adv. S. 37 70 So. 2d 926

*Wingo & Finch,* Hattiesburg, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

At the June, 1953 regular term of the Circuit Court of Marion County, an indictment was returned against the appellant charging him with the unlawful possession of intoxicating liquor. He was arrested by the Sheriff on June 10, 1953, and on the same day was released upon the execution and filing of an appearance bond conditioned upon his appearance in said court on June 15, 1953, and from day to day and term to term until discharged by law to answer the State on the aforesaid charge. Thereafter on the 17th day of June, 1953, the appellant's case was called for trial in said court and the appellant, upon being called, failed to answer, and thereupon the trial of his case was proceeded with in his absence. The only evidence introduced on the trial was that introduced on behalf of the State, which was procured by virtue of a search warrant and which disclosed that the sheriff and his deputy, upon a search of the premises of the appellant, found thereon one gallon, one pint, and one half-pint of liquor. The appellant was not present at the trial in person or by counsel. The submission of the case to the jury resulted in a verdict of guilty and the appellant was thereupon sentenced to pay a fine of $500 and to serve a term of ninety days in jail. From the judgment of conviction, the appellant prosecutes this appeal.

The only contention on this appeal is that the search warrant by virtue of which the evidence for the State was procured was void for the reason that it was returnable to a past date. The affidavit for the search

warrant was filed on May 11, 1953, and the search warrant was issued on the same date but made returnable to a past date, namely, April 7, 1953. Appellant's contention that the search warrant was void because returnable to a past date and that all evidence procured by virtue thereof was inadmissible would be well taken if the appellant had objected to the evidence on the trial or made a motion to exclude the same. Buckley v. State, 150 Miss. 808, 117 So. 115. However, there was no objection by the appellant to the introduction of the evidence offered on behalf of the State and appellant's objection to the testimony can not be made for the first time on this appeal. Boutwell v. State, 165 Miss. 16, 143 So. 479.

It is argued by the appellant, however, that he was not present at the trial either in person or by counsel and, therefore, was denied the opportunity to object to the evidence at the time it was offered. The plain answer to this contention is that the appellant not only had the opportunity to be present at his trial, but was obligated under the terms of his appearance bond to be present to answer the charge preferred against him, and he is not in a position to complain that he had no opportunity to object to the introduction of the evidence since he voluntarily absented himself from the trial.

We are accordingly of the opinion that the judgment of the court below should be, and it is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Lee,* and *Kyle, JJ.,* concur.