248 So.2d 802 (1971)
Earnest Lee WILSON
v.
STATE of Mississippi.
No. 46376.
Supreme Court of Mississippi.
May 31, 1971.
*803 T.N. Gore, Jr., Marks, for appellant.
A.F. Summer, Atty. Gen., by John M. Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant, Earnest Lee Wilson, an inmate of the State Penitentiary, was indicted, tried and convicted in the Circuit Court of Quitman County for the crime of murder in the killing of a fellow inmate of the Penitentiary. The jury found him guilty as charged but failed to agree as to his punishment, and he was sentenced to serve a life sentence in the State Penitentiary. From this conviction and sentence he appeals.
The only point raised on this appeal is that the trial court committed reversible error by allowing the separation and dispersal of the jury after its selection and before its final discharge. The record reflects that at the end of the first day of the trial, the court, after a conference with counsel for the state and defendant, stated to the jury that defendant's counsel had stated to the court on behalf of the defendant that it would be agreeable with the defendant for the jury not to be locked up for the night. The court instructed the jury that they were not to talk to anyone about the case or allow anyone to talk to them about the case or to discuss the case in their presence. The court then allowed the jury to disperse and go to their respective homes. When the jury returned the following morning the court inquired of them as to whether they had discussed the case with anyone or whether anyone had attempted to discuss the case with them, or attempted to discuss the case in their presence. Apparently all members of the jury answered in the negative, although the record does not reflect any response by the members of the jury.
Appellant did not at any time raise any issue in the trial court relative to the action of the court in allowing the jury to disperse, and raises this question for the first time on appeal. The state concedes that ordinarily the jury must be sequestrated in a capital case but contends under the circumstances of this case the action of the trial court was not error because the appellant consented to the action and there is no suggestion of any injustice or injury to the appellant as a result of the court allowing the jury to disperse. We have no statute that requires that the jury be kept together in the trial of felony cases, but common law forbids the separation of the jury in the trial of felony cases before they have been discharged. In Woods v. State, 43 Miss. 364 (1870), on motion of the defendant, the trial court allowed the jury after hearing part of the evidence to disperse and go at large under the instructions of the court. After Woods had been found guilty of the murder of his wife and sentenced, he filed a motion for a new trial because some of the jurors had been seen mingling with other citizens who were not members of the jury. This motion was overruled and he appealed. The Court after stating the common law rule as to sequestration of the jury and pointing out the reasons for the rule, held that it was reversible error to allow the jury to disperse in a capital case, even though this was done at the consent of the defendant. The Court said in that regard:
In this case it is suggested by the counsel for the State that if there was any error in permitting the jury to separate, it was cured by the consent of the prisoner. We do not agree with *804 counsel in this view of the law. We are of the opinion that the court has no power to authorize the separation of the jury during the trial of a capital case, either with or without the consent of the prisoner, except in cases of great necessity; and if it be done, and the prisoner be found guilty, a new trial will be granted. The prisoner ought not to be asked to consent. Who dare refuse to consent, when the accommodation of those, in whose hands are the issues of his life or death, is involved in the question? He would have to calculate the chances of irritation from being annoyed by a refusal on the one hand, and of tampering on the other. No consent of the prisoner in the extremity of his need, ought to bind him. He may really be unwilling to permit the jury to separate, but may consent for fear that his refusal may prejudice the jury against him. (43 Miss. at 372, 373).
In Clark v. State, 209 Miss. 586, 48 So.2d 127 (1950), this Court said:
As to the dispersal of the jury, the defendant in a prosecution for felony is entitled to have the jury kept together without exception from the time it is selected until finally discharged. Carter v. State, 78 Miss. 348, 29 So. 148. The separation of even one juror in such cases is an irregularity which will vitiate the verdict. Organ v. State, 26 Miss. 78, 1 Morr.St.Cas. 684. Even at the request of the defendant, they cannot be dispersed in a capital case. Woods v. State, 43 Miss. 364, 2 Morr.St.Cas. 1624. Exceptions have been made. (1) Where it was highly improbable that the juror in a murder prosecution saw any one while separated. Cunningham v. State, 94 Miss. 228, 48 So. 297; (2) where the juror was necessarily separated because of illness and saw no one but a doctor during the separation. Haley v. State, 123 Miss. 87, 85 So. 129, 10 A.L.R. 462. The purpose of the requirement, as readily can be seen, is to prevent access to outside influences. (209 Miss. at 595, 48 So.2d at 130, 131).
It is clear from what has been said in these cases that it is reversible error to allow a jury to disperse in capital cases even though done at the request of the defendant. However, the state contends that it would be unreasonable to reverse this case because no timely suggestion of error was made in the trial court and especially since there is not the slightest hint of any factual basis for suggesting any detriment or injustice as a result of the action of the trial court. However, in Woods, supra, it is said:
If the purity of the verdict might have been affected, it must be set aside. A verdict on which doubts might rest, cannot be good. It must command entire confidence. And this is the doctrine of the cases of the Commonwealth v. McCaul, 1 Virginia Cases, 271; and McLean v. State, 10 Yerger 241. In neither of these cases of Hare, McCaul, and McLean, was any such thing as tampering with the jury shown, and the courts held that to be unnecessary, and say that it is sufficient that they might have been subject to improper influences. In order to maintain the purity and integrity of this species of trial, great care and precaution on the part of the courts should be observed to guard the jury against improper influences; and the more effectually to do this, we hold the only safe practice to be to regard the separation of the jury, even by the permission of the court, during the trial of a capital case, either with or without the consent of the prisoner, except in a case of great necessity, or the separation of any of the jurors from their fellows during the progress of the trial, without being attended by a proper sworn officer, to be conclusive evidence of such an irregularity as will vitiate the verdict and render a new trial necessary.
(43 Miss. at 370).
*805 Thus, it was unnecessary for appellant to show that he was prejudiced by the action of the trial court.
The real question involved in this case is whether the error complained of is of such nature that appellant can raise it for the first time in this Court. We have held in a number of criminal cases that when the error complained of affects the fundamental rights of the accused, it may be raised for the first time in this Court. We think that the error here complained of did affect the fundamental rights of the appellant. In a capital case the accused has a right to a trial by a duly constituted court which includes a jury whose verdict is beyond question. In order to assure such a verdict our law requires that the jury be kept together from the time they are specially sworn to try the case until finally discharged. The departure from this rule is not a mere technical error, but it goes to the very organization and constitution of the court. So far as this Court lawfully can it always exerts its lawful power to affirm convictions for the violation of the law, but when an accused has been deprived of fundamental rights, we must reverse. The reason for this rule was well expressed by Justice Whitfield in Ellerbe v. State, 75 Miss. 522, 22 So. 950 (1897), wherein he said:
Disregard of fundamental right in the case of the guiltiest defendant, his conviction in violation of settled constitutional and legal safeguards, intended for the protection of all, are not things which affect the particular defendant in a given case alone, but, in their disastrous and far-reaching consequences, involve, in future trials, the innocent and guilty alike, subvert justice, and disorganize society. Guilt should be punished certainly, and condignly, most assuredly; but guilt must be manifested in accordance with the law of the land, else some day the innocent, who are sometimes called to answer at the bar of their country, may come to find themselves involved in a common ruin, and deprived of the legal trial necessary to the vindication of their innocence. (75 Miss. at 532, 22 So. at 952).
For the reasons stated, this case must be and is reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, P.J., and BRADY, SMITH and HARPER, JJ., concur.