254 So.2d 881 (1971)
Floyd L. NICHOLSON
v.
STATE of Mississippi.
No. 46561.
Supreme Court of Mississippi.
November 29, 1971.
*882 J. Luther Austin, Laurel, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Floyd L. Nicholson was indicted, tried and convicted for the crime of burglary in the Circuit Court of the First Judicial District of Jones County and was sentenced to serve a term of five years in the State Penitentiary. From this conviction and sentence he appeals. We affirm.
Appellant alleges that the trial court was in error:
1. In refusing to allow appellant's testimony to go to the jury that his was an illegal arrest.
2. In overruling the defendant's motion for a new trial on the grounds that the evidence of the state was insufficient to sustain conviction because it failed to show defendant guilty beyond a reasonable doubt.
3. In requiring the defendant to testify over objection that he had been convicted of manslaughter even though the case was on appeal to this Court and was later reversed.
4. In allowing the jury to separate for more than one hour and go to lunch at the junior college.
Proof on behalf of the state established that about 8 A.M. on January 4, 1970, Buford Dobson, a constable, was patrolling in his pick up truck and saw a car parked behind the county barn. As he approached the barn, the car horn sounded and appellant ran out of the barn and got into the car. Dobson ordered appellant to stop, but the car sped away and he gave chase. He was unable to keep up with the car but did get the tag number. He returned to the barn and notified the sheriff, giving him the tag number. He also called Mr. George Harrison the supervisor of that district, who came to the barn.
Mr. Harrison testified he was at the barn about 6:30 or 7 A.M. making an inspection which was customary when his employees were off duty. At that time *883 everything was in order. At that time the barn door and gasoline tank were locked. When he returned pursuant to Dobson's call, he found the doorknob had been knocked off the barn door, the lock on the gasoline tank had been removed, and the switch lever on the tank had been broken off.
Appellant testified he, his wife and children were on the way to Richton when his car began to run hot, and he stopped at the barn to get some water. He said after he had put the water in the radiator and was at the car door, a pick up truck drove up and stopped. The man in the truck just sat there and did not say anything. He drove off and the pick up followed for about a mile and a half and then dropped back. Shortly after he arrived at the home of his sister-in-law in Richton, a highway patrolman arrived and placed him under arrest for burglary. The sheriff of Perry County and the marshal of Richton arrived shortly thereafter, and he was carried to the county line where he was turned over to the sheriff of Jones County. His wife testified and corroborated appellant's testimony.
Appellant first contends the trial court was in error in refusing to allow him to fully develop before the jury the circumstances of his arrest in order that he might show that his arrest was illegal. We find no merit in this contention. It is not necessary to pause to ascertain whether his arrest was legal, because assuming his arrest was illegal the trial court was correct in ruling the circumstances of his arrest were immaterial. The state did not use any evidence or a confession obtained by virtue of the arrest. Appellant was indicted by the grand jury, was present in court, and was tried after having been fully apprised of the charges against him. He was convicted in a fair trial in the county where the crime was committed, and the jurisdiction of the court was in no way impaired by the manner in which he was brought before it. Of course, a different situation exists where the state attempts to introduce evidence or a confession obtained as a result of an illegal arrest. Under these circumstances the "fruit of the poisonous tree" doctrine then might well become applicable. Roberts v. State, 186 Miss. 732, 191 So. 823 (1939); Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952).
Appellant next contends the evidence on behalf of the state was insufficient to support the conviction, and the trial court was in error in refusing to grant him a new trial. The basis for this contention is the "Weathersby Rule" which holds that where the defendant and his witnesses are the only eye witnesses to an alleged crime, their version, if reasonable and not conflicting with the physical facts, must be accepted as true. The fallacy of this argument is appellant overlooks entirely the testimony of Dobson who was likewise an eye witness, and his version contradicted the version of appellant and his wife. In the face of conflicting testimony, the jurors may accept the testimony of some witnesses and refuse that of others, and may accept in part and reject in part the evidence on behalf of the state and on behalf of the accused. Cobb v. State, 235 Miss. 57, 108 So.2d 719 (1959). The jury accepted the testimony on behalf of the state and it was ample to support their verdict of guilty.
We find no merit in the appellant's assignment relative to allowing the district attorney to cross examine him in regard to his recent conviction of the crime of manslaughter. The record reflects counsel for appellant asked him on direct examination if he had been convicted of any crimes. He answered that he had been convicted of three offenses, and that he had received nine months in jail for a hog. On cross examination the district attorney asked if the jail sentence was not for hog theft, and appellant replied it was. He was then asked if he had been convicted of manslaughter shortly before this trial. His counsel objected for the reason the *884 case was on appeal and had not been finally determined. The trial court overruled the objection, and appellant then admitted he had been convicted of manslaughter. The conviction for manslaughter was later reversed by this Court and remanded for a new trial. Nicholson v. State, 243 So.2d 552 (Miss. 1971). The cases cited by appellant from other jurisdictions are not controlling on this question. Two of the cases had been reversed at the time appellant was questioned relative to his conviction, and in the other the conviction had been suspended pending appeal. Neither appellant nor the state cite any decisions of this Court directly in point on this question. A majority of the jurisdictions hold a defendant may be impeached by the use of a previous conviction which is on appeal. The basis for so holding is that unless and until the judgment of the trial court is reversed, the defendant stands convicted, is no longer presumed to be innocent of the crime for which he was convicted, and may be impeached by that conviction. Of course, after the conviction has been reversed it cannot be used for impeachment purposes until the defendant is again convicted. When a jury in circuit court returns a verdict of guilty, it is a conviction of the crime charged, and unless and until it is reversed by this Court, the conviction stands, and may be used for impeachment purposes. Bucklew v. State, 192 So.2d 275 (Miss. 1966).
The last assignment of error relative to the separation of the jury is raised for the first time in this Court. The record reflects that at the noon hour in the presence of the defendant and his counsel, the court instructed the bailiff in charge of the jury to carry the jurors to the junior college cafeteria for lunch. No bus was available, and the court allowed the jurors to go there in two or more cars. They were instructed to assemble at the cafeteria and to eat separate and apart from other people. The court further instructed them they were not to discuss the case with anyone or to permit anyone to discuss it with them or in their presence. The court also instructed them to go at the same time, to come back at the same time, and when they returned to go into the jury room. The first question to be determined relative to this incident is whether the appellant can raise this question for the first time in this Court. Appellant cites and relies upon what we said in Wilson v. State, 248 So.2d 802 (Miss. 1971) on this point. There are several factors which distinguish Wilson, supra, from the present case, the first being Wilson was charged with a capital crime. In a capital case the accused has a right to a trial by a duly constituted court which includes a jury which is kept together from the time it is specially sworn to try the case until it is discharged by the court. In Wilson the court allowed the jury to disperse overnight. Consequently, we allowed appellant to raise the question for the first time on appeal. In the case before us, all the trial court did was allow the jurors to travel to the cafeteria in separate cars. The presumption is that the jurors carried out the instructions of the court relative to traveling, eating together and apart from other people, and talking to no one else about the case or allowing any one else to talk to them. Absent any showing in the trial court of anything to the contrary, we cannot say the appellant was prejudiced thereby. We hold that in criminal cases, less than capital, before we will consider the question of dispersal of the jury, it must be raised in the trial court in order that the trial court may have the opportunity to pass upon the question, and upon appeal, all the facts will be before us.
For the reasons stated, this case should be, and is, affirmed.
Affirmed.
RODGERS, P.J., and JONES, PATTERSON and ROBERTSON, JJ., concur.