272 So.2d 636 (1973)
Wesley WEAVER
v.
STATE of Mississippi.
No. 47128.
Supreme Court of Mississippi.
January 22, 1973.
T.N. Gore, Jr., Marks, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
In the Circuit Court of Quitman County, the appellant, Wesley Weaver, was convicted of a felony, to-wit: Assault and battery with intent to kill. He appeals from said conviction and assigns as error only that the jury which tried him was erroneously allowed to disperse and separate during the trial.
The facts are simple. Before the testimony began, but after completion of jury selection, the following oral instructions were given the jury by the circuit judge prior to allowing the jurors to disperse for a fifteen minute break:
COURT: ... We are not going to lock up the jury because this is a case less than capital. But, I want to give you these instructions, and these instructions will prevail throughout the trial of this case, so listen very, very carefully... . I must extract from you these promises; and these promises must be rigidly followed. You must not at any time discuss this case with anyone, nor permit anyone to discuss this case with you; when you go home during the noon hour or during recess periods, don't even discuss it among yourselves. You shall not deliberate on this case until all the evidence has been presented to you; that is, for the State of Mississippi, for the defendant, until you have heard the instructions of the Court for both sides, and arguments of counsel for both sides. At that point and that point alone, you will then, for the first time, begin to discuss the case among yourselves. Don't discuss the case over the telephone with anybody when you go home; don't discuss it with your husbands, or your wives, or any of your relatives or anybody else... . And, these instructions must be rigidly *637 followed. And, if anybody attempts to talk to you about this case at any time, during any recess period or any other time, please convey that to me, and I will deal with that party accordingly... . If you will follow those instructions, we will take a fifteen minute break, and be back in fifteen minutes, and we will begin the trial.
Admittedly this took place in open court in the presence of the appellant and counsel who made no objection at the time of such occurrence. Witnesses were then sworn and the rule invoked. Several witnesses then testified for the state. Then the following transpired just prior to a noon recess during which the jurors went their separate ways.
THE COURT: Ladies and gentlemen of the jury, we will take a break for our noon recess. Please remember the instructions I gave you with reference to discussing this case with anybody or having anybody discuss it with you, and also about even discussing it at home. If somebody asks you what you are doing on the jury, or what case you're trying, just say, "I'm trying a criminal case, and I'm not permitted to talk about it." Don't try to get anybody's opinion on the case. When you return from the noon hour, we're going to recess until 1:30, and when you get back to the courtroom, do not mingle with the spectators and do not mingle with the witnesses or lawyers or anybody else. Just take your seats where you are seated now, and we will proceed from there. Following the earlier instructions that I gave you and these instructions now we will take a recess until 1:30.
Following the noon recess the jury returned to the jury box and the following transpired:
(CONFERENCE AT BENCH BETWEEN COURT AND ALL COUNSEL, OUT OF THE HEARING OF JURY AND OF THE REPORTER; AFTER THE CONFERENCE, THE FOLLOWING WAS DICTATED INTO THE RECORD AT THE BENCH AND OUT OF THE HEARING OF JURY:
MR. GORE: The defendant at this time moves for a mistrial for the reason that immediately after the acceptance of the jury by both the State and the Defendant, the jury was allowed to disperse and go their separate ways around the courthouse; and for the further reason that prior to the noon recess, the Court allowed the jury to disperse during the lunch hour, and they were not kept together during those two periods of time under the supervision and observation of the bailiff.
COURT: You didn't object to the jury not being sequestered at the time that I made my announcement to the jury after the jury was empanelled and selected by both sides and before the trial of the case was started.
MR. GORE: I did not object at that time because I didn't want the jury to hear me.
COURT: You made all other objections at the bench outside the hearing of the jury, and you could have easily approached the bench and made this objection outside the presence of the jury, but you failed to do so. The jury was completely and thoroughly instructed as to what they were to do and what they were not to do as to talking to other people and talking among themselves; and that they were not to reach a decision until all the proof was in, and all the instructions of the Court and arguments of counsel; this is not a capital case. Do you have anything to say?
MR. GRAVES: I don't think it 
COURT:  I think the motion is completely and utterly not well taken; the Court did instruct the jury very carefully.
MR. GORE: Then, the motion for a mistrial is denied?

*638 COURT: The motion for a mistrial is denied. (Pause) Let me ask you this, Mr. Gore, have you heard or seen or been notified of any impropriety on the part of the jury, or anybody trying to talk to the jury about this case? That would be a different story; you made this motion without any proof.
MR. GORE: I have no way of knowing, Your Honor, it would be a matter of speculation.
COURT: All right, motion is denied.
COURT: Let me ask the jury this. Has anybody or anyone at all attempted to talk to any of you about this case in any way, shape, form or fashion?
JURY: (All indicate negative responses)
COURT: Have any of you tried to reach a decision about this case before it is all presented to you?
JURY: (All indicate negative responses)
COURT: I think that takes care of that. You may proceed.
Several recesses (during which the jurors were allowed to separate) were declared by the court in the course of the trial. However, before each recess, the jurors were admonished to follow instructions already given. It is conceded that during the noon recess for lunch, the jurors were permitted to disperse and go their separate ways without any supervision except they had been instructed as set forth hereinabove. Following the noon recess, appellant moved for a mistrial because of the separation and dispersal of the jurors. There was no charge or proof offered that any juror was guilty of any misconduct, impropriety, or that any juror received any improper communication or influence from any outside source.
The sole question before this Court is: Does Mere Dispersal and Separation of Jurors as is Shown by the Record Before Us Constitute Reversible Error? No other assignment of error is before us.
The principles of law applicable here were enunciated by this Court, speaking through Patterson, J., in the case of Rogers v. State, 266 So.2d 10 (Miss. 1972). There we affirmed a conviction where, as in the instant case (before the jury was permitted to separate), jurors were instructed by the Court not to discuss the case with anyone or permit themselves to be influenced by any outside source. Obviously, if this were a capital case, dispersal and separation of jurors would be reversible error even if permitted with the consent of the defendant. Wilson v. State, 248 So.2d 802 (Miss. 1971). The case before us is not a capital case. As we held in the case of Nicholson v. State, 254 So.2d 881 (Miss. 1971), there is a presumption that jurors follow the instructions of the court relative to their conduct during the course of a trial. We further held in Nicholson, supra, that in the absence of any evidence to the contrary we could not say that a defendant in a case less than capital was prejudiced by separation of the jury. Indeed, in the present case there is not even a suggestion that any juror failed to follow the instructions of the court. When the appellant here heard the trial judge announce that jurors would be permitted to separate during the noon hour, no objection was made until court reconvened after the noon recess. Then appellant objected and moved for a mistrial, which motion was overruled. We find no error in the ruling of the learned circuit judge. Following the rationale of our decisions in Rogers, supra, and Nicholson, supra, we now hold that separation of jurors, under proper instructions by the court in a criminal case less than capital, is not error.
Affirmed.
GILLESPIE, C.J., and INZER, SUGG and WALKER, JJ., concur.