279 So.2d 156 (1973)
Quentin STRINGER
v.
STATE of Mississippi.
No. 47119.
Supreme Court of Mississippi.
May 28, 1973.
Rehearing Denied June 29, 1973.
*157 Hurlbert & O'Barr, Biloxi, for appellant.
A.F. Summer, Atty. Gen., by Edwin A. Snyder, Sp. Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
This is an appeal from the Circuit Court of the Second Judicial District of Harrison County, Mississippi, by appellant, Quentin Stringer who was jointly indicted with Leon T. Rogers, Jr., Paul H. Sanders and Thomas D. Dunn, under Section 2149 Mississippi Code 1942 Annotated (1956). Appellant was granted a severance and after a lengthy trial, was found guilty by a jury and sentenced to serve one year in the county jail, fined $25,000, together with all costs, and disbarred as an attorney. The jail sentence was suspended upon future good behavior and upon payment of fine and costs. Leon T. Rogers, Jr., one of the coindictees, was previously tried and convicted, which conviction was affirmed by this Court in Rogers v. State, 266 So.2d 10 (Miss. 1972).
Appellant first argues that his constitutional rights under the Sixth Amendment to the United States Constitution and Section 26 of the Mississippi Constitution were violated by the introduction of Exhibit 12 which was a file containing documents, correspondence and forms filled out by persons who testified and by persons who did not testify. The file was prepared under the direction of appellant after the incidents forming the basis for the indictment occurred and contained some correspondence and data prepared by appellant. Appellant contends that he was thereby denied the right to cross-examine witnesses offered by the State in violation of his constitutional rights.
Appellant is correct in his contention that an accused has a constitutional right to cross-examine witnesses offered against him and that the right of confrontation is applicable to criminal prosecutions in state courts under the interpretation of the Fourteenth Amendment by the Supreme Court of the United States in Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), and by our decision in Crapps v. State, 221 So.2d 722 (Miss. 1969).
When the parcel file (Exhibit 12) was introduced in evidence, appellant, who was an attorney, through his counsel made a general objection and then specifically objected on the ground that the witness by whom the parcel file was to be introduced did not know whether or not the file was complete. The objection to the introduction of the exhibit was properly overruled by the trial court for the specific ground assigned, but in this Court appellant presents an entirely different ground of objection to the testimony offered. In *158 Peters v. State, 158 Miss. 530, 130 So. 695 (1930), this Court stated:
Referring to 38 Cyc. at page 1397, we find the rule stated which is applicable to this case: "The statement of one or more specific grounds of objection to the introduction of evidence is a waiver of all other grounds of objection." This rule seems to be approved by a vast majority of the courts of this country, including the Supreme Court of the United States.
In the lower court counsel made a specific objection and gave a specific ground therefor, and in this court he presents an entirely different and wholly unrelated ground of objection to the testimony offered. If the objection was in the mind of counsel, he never made it so appear to the lower court. A specific objection on a specific ground stated to the court does not warrant on appeal a reversal of a case on another and different ground of objection... . (158 Miss. at 534, 130 So. at 695) (Emphasis added).
This rule was followed in Boring v. State, 253 So.2d 251 (Miss. 1971), where we stated:
Objections to evidence must bring to the attention of the trial judge the specific ground on which it is contended such evidence is inadmissible so that the trial judge may determine whether or not such evidence is available to objector's adversary.
The rule requiring specific objections is necessary because to permit litigants to hold back objections until on appeal would mean that costly new trials would be had where valid objections could have been sustained during the trial. Roberds v. State, 187 So. 755 (Miss. 1939); Kimbrall v. State, 178 Miss. 701, 174 So. 47 (1937); Dobbs v. State, 167 Miss. 609, 142 So. 500 (1932); Williams v. State, 171 Miss. 324, 157 So. 717 (1934). This rule has been recognized by the Federal Court in this jurisdiction. Gann v. Smith, D.C., 318 F. Supp. 409 (1970).
In Cox v. State, 146 Miss. 685, 112 So. 479, at 481 (1927) where the affidavit failed to show that affiant "does believe that intoxicating liquor is being stored, etc." the Court said "the affidavit was not objected to on that ground in the court below, and consequently such an objection cannot be here considered."
We have said that where no objection was made in the trial court that a search warrant was not timely served, the objection cannot be raised in this court. Jordan v. State, 147 Miss. 24, 112 So. 590 (1927).
In the case of Conwill v. State, 147 Miss. 118, 120, 112 So. 868, 869 (1927) we said:
"The defendant having made specific objection to the search warrant when offered in evidence, we do not think he is now entitled to raise questions which were not brought up for the decision of the court below."
In another case where the search warrant was not introduced this Court said:
"It is too late to raise these questions. Appellant had full opportunity of raising them in the court below, and failed to do so. He chose on the trial to object alone to the evidence on the specific ground that the affidavit failed to show whose property was to be searched for, not on the ground that the affidavit was not introduced in evidence. Questions will not be decided on appeal which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error." Boutwell v. State, 165 Miss. 16, 27-28, 143 So. 479, 482 (1932). (253 So.2d at 253).
*159 In Huff v. State, 176 Miss. 443, 169 So. 839 (1936), quoted with approval in Brewer v. State, 233 So.2d 779 (Miss. 1970), this Court, in dealing with objections to testimony of incompetent witnesses, stated:
Whenever witnesses are offered in court who are incompetent, objection as to their competency should be made before the reception of the evidence, and certainly before the conclusion of the evidence for the state, so that the trial judge might decide that question at once. If a party does not object to the competency of a witness when presented, such objection is waived if the party knew of the facts constituting this incompetency at the time the evidence was offered. If he does not then object he, in effect, consents, and he will not be permitted to experiment with the evidence and see whether it is helpful or hurtful to him, and then later to move to have such evidence excluded, provided the facts constituting incompetency were then known. (emphasis added). 176 Miss. at 446-447, 169 So. at 840. (Emphasis supplied). (233 So.2d at 781).
In Brewer v. State, supra, this Court held that the right of confrontation by witnesses may be waived, citing 23 C.J.S. Criminal Law § 1009, pages 1065-1069.
We hold that appellant waived his right to confrontation because he failed to object in the trial court on the constitutional grounds relied on here as the basis for reversible error in admitting the parcel file in evidence. If the objection argued here was in the mind of appellant, it was not made known to the trial court and in effect, appellant waived the ground of objection here assigned and chose to experiment with the evidence to see if it would help or hurt him.
Appellant's second assignment of error is that the trial court erred in failing to sustain defendant's motion for a directed verdict of acquittal. At the conclusion of the evidence in chief for the State, appellant moved the court for a directed verdict of acquittal. The motion was overruled and the defendant introduced his defense. After both sides rested, appellant requested a peremptory instruction of not guilty and the peremptory instruction was refused by the court.
In Kearney v. State, 224 Miss. 1, 79 So.2d 468 (1955), cited with approval in Smith v. State, 245 So.2d 583 (Miss. 1971), the Court stated:
When the motion was made at the time the State rested its case in chief was overruled, the defendant proceeded with his defense... . Therefore the question of whether or not the defendant was entitled to the requested peremptory instruction is to be determined on the state of the testimony at the conclusion of all the evidence offered both by the State and the defendant... . (224 Miss. at 4, 79 So.2d at 469).
In McLendon v. State, 187 Miss. 247, 191 So. 821 (1939), Justice Griffith, speaking for the Court, stated:
The rule in regard to the peremptory instruction is the same in criminal as in civil cases, Justice v. State, 170 Miss. 96, 154 So. 265, and that rule, to restate it, is that taking all the evidence in behalf of the state as true, together with all the sound or reasonable inferences that may be drawn therefrom, if there be enough to support a verdict of conviction, the peremptory must be denied... . (187 Miss. at 253, 191 So. at 822).
Appellant was charged in the indictment with participating in a scheme to defraud the State of Mississippi of a large sum of money in connection with the purchase of property from Leon T. Rogers, Jr., one of the coindictees, to be used by the State for an interchange at the intersection of Interstate 10 and Mississippi Highway 67. The proof shows that the Rogers property was acquired for the State at a price approximately double its value and that all the *160 property was not needed for an interchange because the interchange which was initially to have been located on the Rogers property was moved to another location. The proof shows that the normal procedures of the Mississippi State Highway Department were not followed in the negotiations for and the purchase of the Rogers property.
Appellant contends that his actions appertaining to the purchase of the Rogers property amount to no more than unwise action on his part, and that the proof is wholly insufficient to sustain his conviction on the charge of false pretense. Appellant suggests that the record is replete with instances of unwise action on the part of other highly placed officials in the Mississippi Highway Department and that he was not charged with acting unwisely.
There is evidence to show that appellant accelerated the proceedings to purchase the property in question and without detailing the evidence in the voluminous record we hold that, under the rule as stated, the evidence was sufficient to withstand appellant's request for a peremptory instruction, and it was properly denied by the trial court.
Appellant's third and final assignment of error is as follows:
The trial Court erred in failing to sustain the Defendant's Motion for a new trial upon the ground that the trial jury were not properly sequestered during the course of the trial, and were allowed to make numerous telephone calls to persons unknown, were separated from time to time during the course of the trial, were allowed outside the presence of the bailiffs, and were allowed to receive and communicate with visitors during the course of the trial, and upon the further ground that some of the jurors stayed overnight in the same motel rooms with some of the bailiffs.
The record shows that the jury was quartered in the Rowntowner Motel located slightly in excess of 7 miles from the courthouse; that the jurors were transported from the courthouse to the motel and returned by taxicabs; that the jurors were properly instructed by the court and appellant made no objection to the jurors being transported by taxicab to the motel and made no objection to their staying in the motel.
In Weaver v. State, 272 So.2d 636 (Miss. 1973), this Court stated:
The principles of law applicable here were enunciated by this Court, speaking through Patterson, J., in the case of Rogers v. State, 266 So.2d 10 (Miss. 1972). There we affirmed a conviction where, as in the instant case (before the jury was permitted to separate), jurors were instructed by the Court not to discuss the case with anyone or permit themselves to be influenced by any outside source. Obviously, if this were a capital case, dispersal and separation of jurors would be reversible error even if permitted with the consent of the defendant. Wilson v. State, 248 So.2d 802 (Miss. 1971). The case before us is not a capital case. As we held in the case of Nicholson v. State, 254 So.2d 881 (Miss. 1971), there is a presumption that jurors follow the instructions of the court relative to their conduct during the course of a trial. We further held in Nicholson, supra, that in the absence of any evidence to the contrary we could not say that a defendant in a case less than capital was prejudiced by separation of the jury.... We find no error in the ruling of the learned circuit judge. Following the rationale of our decisions in Rogers, supra, and Nicholson, supra, we now hold that separation of jurors, under proper instructions by the court in a criminal case less than capital, is not error. (Emphasis supplied). (272 So.2d at 638).
The record does not contain any suggestion that the jurors failed to follow the instructions of the court; therefore, we reaffirm *161 the holding in Weaver "that separation of jurors, under proper instructions of the court in a criminal case less than capital, is not error."
For the reasons stated, this case is affirmed.
Affirmed.
GILLESPIE, C.J., and SMITH, ROBERTSON and BROOM, JJ., concur.
RODGERS, Presiding Justice (specially concurring).
I concur in the foregoing opinion, and I would overrule the holding in Brooks v. State, 209 Miss. 150, 46 So.2d 94 (1950) to the contrary. See Henry v. State, 253 Miss. 263, 174 So.2d 348 (1965) and Johnson v. State, 220 Miss. 452, 70 So.2d 926 (1954).
SUGG, J., concurs.