# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CT-00537-SCT

*McKINLEY OWENS*

*v.*

*STATE OF MISSISSIPPI*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/94 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GERALD FRY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT ALLRED, III |
| DISTRICT ATTORNEY: | TOMMY MAYFIELD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 3/12/98 |
| MOTION FOR REHEARING FILED: | 3/27/98 |
| MANDATE ISSUED: | 7/2/98 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. McKinley Owens was indicted on June 11, 1993, by the Hinds County Grand Jury for sale of cocaine as a habitual offender. Owens was convicted after a trial in April 1994 and was sentenced to thirty years in the custody of the M.D.O.C. as a habitual offender. Owens's appeal was assigned to the Court of Appeals, which affirmed his conviction and sentence by a vote of 7-3. Owens's petition for writ of certiorari raised the issues of whether the admission of a statement of an alleged accomplice of Owens's was erroneous under the Mississippi Rules of Evidence and whether it was in violation of Owens's rights under the Confrontation Clause. After consideration we find that the statement was erroneously admitted and Owens's conviction must be reversed and remanded.

I.

¶2. On May 21, 1993, Jackson Police Department Detectives Larry Iles, Alvaleen Baggett, and Preston Carter planned to make a purchase of cocaine from McKinley Owens at Hawkins Field in Jackson. The police arranged for Albert Odom, who had drug charges pending against him, to make

the buy. Odom set up the buy by calling Robert Dent, who allegedly served as an intermediary for McKinley Owens. Odom went to the buy wearing a body wire and bearing $500 supplied by the police and approximately $25 of his own. Odom met with Dent and they traveled in the same car to Hawkins Field, with the police providing surveillance.

¶3. McKinley Owens allegedly arrived at the Field at around 7:00 p.m. in a Mercedes automobile. At that time Odom stated that he gave the money to Dent, who got out of that vehicle and got into the Mercedes. According to police witnesses the two men in the Mercedes were passing objects back and forth. The police decided at this time to make an arrest, but the Mercedes eluded them and departed at a high rate of speed, with Robert Dent still inside. At some point during the ensuing chase Robert Dent jumped or was ejected from the still moving Mercedes. When Dent was apprehended he was in possession of a quantity of crack cocaine, but no money. The Mercedes and its occupant got away. McKinley Owens subsequently surrendered to the police. Detectives Iles, Baggett and Carter, as well as Albert Odom, identified McKinley Owens at trial as the driver of the Mercedes. Owens's alibi was that he wasn't at Hawkins Field at the time in question, and that his car was actually being driven at the time by Wayne Vancleave, who did some air conditioning work at apartments owned by Owens. Vancleave testified that he was the man in the Mercedes at the time in question and he was trying to buy some marijuana from Robert Dent. Detective Iles testified without objection that "McKinley is a light complected, forty year old black male, and Wayne Vancleave is a early twenties white male."

¶4. During its direct examination of Detective Larry Iles, the State informed the court that it intended to introduce Robert Dent's statement to Iles to the effect that McKinley Owens had pulled a pistol during the chase and told Dent that he would shoot Dent, so Dent jumped out of the car. In this statement Dent further related his dealings with Al Odom in setting up the drug sale, including calling Owens on his cellular phone. Police later used the number Dent gave them to contact Owens the same way. This statement was made by Dent to the police at the Vice and Narcotics Office of the Jackson Police Department approximately an hour after the actual event. The assistant district attorney stated twice to the circuit court that he offered the statement as an exception to the hearsay rule under M.R.E. 803(2). Defense counsel objected. The circuit court overruled the objection. Later during the trial counsel for Dent informed defense counsel that he would take the Fifth Amendment if called, so the defense counsel announced that he would not call Dent as a witness.

¶5. The Court of Appeals found that the circuit court did not err in allowing Dent's statement to be admitted as evidence. The Court of Appeals further found that where the statement was admitted under a clear and "firmly rooted" exception to the hearsay rule, Owens's rights under the Confrontation Clause were not violated.

II.

¶6. Owens's issues are based on the admission of Robert Dent's statement. Owens argues that Dent's statement did not qualify as an excited utterance under Mississippi Rule of Evidence 803(2), and even if it did its admission violated Owens's rights under the Confrontation Clause of the United States Constitution. Owens further argues that the decision of the Court of Appeals is violative of United States Supreme Court decisions. Because the statement was erroneously admitted under the Rules of Evidence, we do not reach the Confrontation Clause issue.

¶7. M..R.E. 803(2) states:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

**(2) Excited Utterance.** A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

¶8. This Court has construed M.R.E. 803(2) on numerous occasions. In *Clark v. State*, 693 So.2d 927, 932 (Miss. 1997), the Court found that

[a]n excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of the excitement caused by the event or condition." M..R.E. 803(2). The reliability of an excited utterance is based on the premise that circumstances may place the declarant in such an excited state as to temporarily impede the capacity for reflection.

This Court found in *Clark* that a woman's hysterical 911 call to the police while her estranged boyfriend was outside the door threatening to kill her with a shotgun qualified as an excited utterance under 803(2) and was properly admitted. The Court has approved other instances of hearsay statements rendered admissible by this exception. *See Heflin v. State*, 643 So.2d 512 (Miss. 1994) (sixteen year old alleged rape victim made statement to sister twenty-four hours after assault); *Davis v. State*, 611 So.2d 906 (Miss. 1992)(eight year old child made statement to her aunt immediately after witnessing sexual assault of her mother); *Berry v. State*, 611 So.2d 924 (Miss. 1992)(victim of shotgun blast identified assailant shortly after shooting and before death); *Baine v. State*, 606 So.2d 1076 (Miss. 1992)(seven year old victim of sexual abuse made statement within minutes, and later hours, to her mother concerning abuse); *Sanders v. State*, 586 So.2d 792 (Miss. 1991)(fourteen year old sexual battery victim made statement to police a short time after assault).

¶9. The statement in question was made approximately an hour after Dent departed the Mercedes. In testifying concerning Dent's emotional state Detective Iles described him as "upset", "angry", "pissed off", "very mad" and "ready to talk." We find that Dent was not impeded in his capacity for reflection, and the admission of this statement was error. While three police officers and Albert Odom identified Owens as the man in the car with Dent, only Dent could testify as to what actually went on in the car. We therefore find that the admission of the statement cannot be harmless error.

¶10. The State argues that defense counsel made no specific contemporaneous objection to the admission of the testimony in question. A review of the record shows that defense counsel objected, but not on the ground that the statement did not meet the requirements of M.R.E. 803(2). The Court of Appeals rejected the State's argument that the procedural bar was applicable and reviewed the issue on its merits. We find under these circumstances that it is preferable to decide the issue in question on its merits. The judgment of conviction of McKinley Owens is reversed and and this matter remanded to the Hinds County Circuit Court.

¶11. **REVERSED AND REMANDED.**

**PRATHER, C.J., BANKS, McRAE AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., ROBERTS AND**

**MILLS, JJ.**


**SMITH, JUSTICE, DISSENTING:**


¶12. Owens, on appeal, raises new grounds alleging that it was error for the trial court to allow the testimony of Detective Iles at trial regarding statements given by Richard Dent while he was held at the police station. None of the reasons cited by Owens on appeal for the inadmissibility of Detective Iles testimony were argued before the trial court judge for his consideration at trial. Therefore, since these issues were not properly preserved for appeal by Owens at the trial level, I disagree with the majority and accordingly dissent.

¶13. It is a well-settled principle of law that trial errors cannot be raised in this Court for the first time on appeal. *See, e.g.*, *Jefferson v. State*, 386 So. 2d 200, 202 (Miss. 1980). In *Williams v. State*, this Court explained the well-established appellate review level of the Supreme Court and the requirement for there to be a specific contemporaneous objection at trial as follows:

> In *Leverett v. State*, 197 So. 2d 889, 890 (Miss. 1967) (quoting *Collins v. State*, 173 Miss. 179, 180, 159 So. 865, 865 (1935)), the Court held the following:
>
> The Supreme Court is a court of appeals, it has no original jurisdiction; it can only try questions that have been tried and passed upon by the court from which the appeal is taken. Whatever remedy appellant has is in the trial court, not in this court. This court can only pass on the question after the trial court has done so.
>
> The underlying basis for the existence of a contemporaneous objection rule is found in *Oates v. State*, 421 So. 2d 1025, 1030 (1982), where this Court opined:
>
> There are three basic considerations which underlie the rule regarding specific objections. It avoids costly new trial. *Boring v. State*, 253 So. 2d 251 (Miss. 1971). It allows the offering party an opportunity to obviate the objection. *Heard v. State*, 59 Miss. 545 (1882). Lastly, a trial court is not put in error unless it had an opportunity to pass on the question. *Boutwell v. State*, 165 Miss. 16, 143 So. 479 (1932).

*Williams v. State*, 684 So. 2d 1179, 1203 (Miss. 1996).

¶14. The case sub judice is analogous to *Carrol v. State*, 391 So. 2d 1000 (Miss. 1980). In *Carrol*, the defendant alleged on appeal that the trial court committed error by allowing testimony from a witness elicited by the district attorney to show that Carrol had carried a gun on his person prior to shooting and killing the victim. *Carrol*, 391 So. 2d at 1001. At trial, defense counsel objected when the district attorney asked the witness whether he had seen Carrol carry the pistol "around the house." *Id.* However, defense counsel did not set forth specific grounds for his objection. *Id.* at 1002. The Court stated:

> It is to be noted that, although objections were made from time to time, no specific grounds for such objections were assigned except that the testimony was "immaterial" or had "nothing to do" with the case. This Court has held repeatedly that where no specific ground for an objection

is assigned that, ordinarily, the trial court cannot be put in error for overruling it. ***Stringer v. State***, 279 So. 2d 156, 158 (Miss. 1973). *See also:* ***Williamson v. State***, 330 So. 2d 272 (Miss. 1976); ***Pierce v. State***, 289 So. 2d 901 (Miss. 1974); ***Berry v. State***, 288 So. 2d 457 (Miss. 1974).

*Carrol*, 391 So. 2d at 1002. Likewise, in the instant case, Owens did not state specific grounds for objection to the testimony of Detective Iles. Instead, Owens seeks to assert for the first time on appeal grounds other than that on which his objection at trial was based. The trial court cannot be put in error on these new grounds because such "matter[s] [were] not presented to the court for decision." ***Chase v. State***, 645 So. 2d 829, 846 (Miss. 1994), *cert. denied*, 515 U.S. 1123 (1995); ***Jones v. State***, 606 So. 2d 1051, 1058 (Miss. 1992); ***Crenshaw v. State***, 520 So. 2d 131, 134-35 (Miss. 1988). Owens' attempt to assert these new grounds on appeal without having argued them to the trial court constitutes a waiver. ***Duplantis v. State***, 644 So. 2d 1235, 1247 (Miss. 1994).

> However, as to one of these instances, Duplantis now seeks to assert grounds other than those on which his trial objection was based. It follows that this instance is not reviewable by this Court. *See* ***Fleming v. State***, 604 So.2d 280, 292 (Miss. 1992), citing ***Stringer v. State***, 279 So.2d 156, 158 (Miss. 1973)("objection on one or more specific grounds constitutes a waiver of all other grounds"); ***McGarrh v. State***, 249 Miss. 247, 276, 148 So.2d 494,506 (1963) ("objection cannot be enlarged in reviewing court to embrace omission not complained of at trial"), *cert. denied*, 375 U.S. 816, 84 S.Ct. 50, 11 L.Ed.2d 51(1963).

*Id.*

¶15. The majority relies on ***Barnette v. State***, 478 So. 2d 800, 803 (Miss. 1985), for the proposition that a particular ground for the objection does not have to be stated where the grounds "are apparent from the context." However, in the case sub judice, defense counsel only made a general objection that Dent was available, without stating any specific grounds to the testimony of Detective Iles that came in under Miss.R.Evid. 803(2). No other grounds could have been reasonably contemplated or "apparent" from the context of defense counsel's sole argument at trial. This factor is bolstered by defense counsel's attempt to seek testimony from Dent, whereupon Dent invoked his Fifth Amendment Rights and refused to testify. Defense counsel did not contend that the requirements of Miss.R.Evid. 803(2) were not satisfied, that there was a violation to the right to confrontation, or that Dent's declarations were inherently unreliable, all new grounds raised by Owens for the first time on appeal. Therefore, these issues were not properly preserved for appeal, and thus, they are procedurally barred. *Chase*, 645 So. 2d at 846. Since Owens has not raised before this Court a ground in support of his claim that is procedurally alive and would warrant a finding that the trial court committed reversible error by allowing into evidence the testimony of Detective Iles, the judgment of the Court of Appeals, albeit for different reasons, should be affirmed.

¶16. I respectfully dissent.

**PITTMAN, P.J., ROBERTS AND MILLS, JJ., JOIN THIS OPINION.**