BOWLING, Justice,
for the Court:
Appellant, James Harold Wilburn, Jr., was indicted, tried and convicted in the Circuit Court of Carroll County for the crime of rape and sentenced to serve a term of twenty years under the custody of the Mississippi Department of Corrections. He appeals and we reverse and remand for a new trial.
The decision of the issues in this appeal and the resulting opinion is based solely on legal considerations and has nothing whatever to do with the facts presented by the evidence at the trial or the guilt or innocence of the appellant.
Appellant alleges the following assignments of error:
1. The lower court erred in overruling and denying appellant’s motion for special venire under the provisions of Mississippi Code Annotated section 13-5-77 (1972).
2. The lower court erred in limiting appellant to only six peremptory challenges, when under the law, appellant was entitled to twelve.
3. The lower court erred in refusing to declare a mistrial on timely motion of appellant when the state’s attorneys, knowing the same to be improper, violated the rule which had previously been invoked and instructions of the court by collectively conferring with all the state’s witnesses in the presence of each other.
In the case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the United States Supreme Court held that the death penalty could not be carried out under certain “capital cases” which previously carried that penalty for persons convicted. Prior to Furman there were certain procedural benefits given to persons charged and tried for crimes known as “capital crimes” and crimes included in the term “serious criminal offenses.” Since Furman the Legislature has enacted certain statutes to comply with that opinion. The duty of this Court now is to set out clearly what procedural benefits remain and are available to persons charged with the stated crimes.
It is necessary for the Court to analyze the legislative enactments since Furman *1174 and to interpret the legislative intent. This necessarily includes a consideration of prior opinions of this Court as they apply and correspond with that legislative intent.
There are several procedural statutes involved in this decision. Three of them are at the threshold of the appeal in the present case. They are Mississippi Code Annotated sections 13-5-77, 99-15-27 and 99-17-3 (1972). All of these statutes were a part of the Mississippi Code long before Furman.
Section 13-5-77 provides:
When any person charged with a capital crime, or with the crime of manslaughter, shall have been arraigned and the plea of not guilty entered, it shall be the duty of the court, upon the demand of the accused or the district attorney, to cause to be drawn, in open court, from the jury-box as many names as the judge in his discretion may direct, not to be less than forty, and it shall be the duty of the clerk to issue a special venire facias, commanding the sheriff to summon the persons whose names are so drawn, to attend the court on a particular day to be named in the writ. .
This is what is commonly known as the “special venire” statute.
Section 99-15-27 provides:
Any person indicted for a capital crime shall, if demanded by him by motion in writing before the completion of drawing of the special venire, have a copy of the indictment and list of the special venire summoned for his trial delivered to him or his counsel at least one (1) entire day before said trial.
Section 99-17-3 provides:
In capital cases the defendant and the state shall each be allowed twelve peremptory challenges. In cases not capital the accused and the state each shall be allowed six peremptory challenges; but all peremptory challenges by the state shall be made before the juror is presented to the prisoner. In all cases the accused shall have presented to him a full panel before being called upon to make his peremptory challenges.
After Furman, this Court decided the cases of Ex Parte Dennis, 334 So.2d 369 (Miss.1976), and Hudson v. McAdory, 268 So.2d 916 (Miss.1972). A study of those opinions is important while determining the legislative intent after Furman. Ex Parte Dennis, supra, was considered and the opinion written after the legislature had enacted statutes required by Furman. The principal statute with which we are concerned was enacted in 1974 and appears as Code section 1-3-4. It provides:
The terms “capital case,” “capital cases,” “capital offense,” “capital offenses,” and “capital crime” when used in any statute shall denote criminal cases, offenses and crimes punishable by death or imprisonment for life in the state penitentiary. The term “capital murder” when used in any statute shall denote criminal cases, offenses and crimes punishable by death, or imprisonment for life in the state penitentiary.
We now refer to certain statements made by the Court in Hudson and Dennis, supra. We have to bear in mind that both of those cases involved whether or not the accused was entitled to bail and primarily were concerned with Section 29 of the Mississippi Constitution of 1890. The Court, however, thought it best to touch on the “procedural safeguards” that should be afforded the accused in addition to the bail issue. In Hudson, we said:
If the contention of appellant were followed to a logical conclusion the number of peremptory challenges prescribed by Section 2520 Mississippi Code 1942 Annotated (1956) would be reduced from twelve to six, thus taking away from an accused a valuable right.
Section 1795 Mississippi Code 1942 Annotated (1956) provides that any person charged with a capital crime or with the crime of manslaughter is entitled to a special venire. Section 2505 Mississippi Code 1942 Annotated (1956) provides that persons indicted for capital crime shall have the right before the completion and drawing of a special venire to have a copy of the indictment and the list of the *1175 special venire summoned for his trial delivered to him or his counsel at least one entire day before the trial.
If we were to hold that capital crimes or capital cases referred to those only where the death penalty can now be inflicted, consistency would require us to deprive a defendant of the right of a special venire in cases formerly capital, but grant one if the charge was the lesser offense of manslaughter.
A logical extension of the argument of appellant would have the effect of deleting the special oath for jurors in “capital cases” as provided by Section 2507 Mississippi Code 1942 Annotated (1956); would change the requirement of Section 2514 Mississippi Code 1942 Annotated (1956) providing that a motion for severance of persons jointly indicted for “capital cases” must be made before ordering a special venire; would repeal by judicial decision Section 2512 Mississippi Code 1942 Annotated (1956) which provides that a motion for change of venue in “capital cases” must be made before drawing a special venire; would limit the appointment of counsel for indigent persons charged with a “capital case” to one, instead of two as permitted by Section 2505-02 Mississippi Code 1942 Annotated (1956); would reduce the fees that could be paid attorneys representing indigent defendants in a “capital case” from $1,000 to $500.
[[Image here]]
The Constitution of Mississippi neither defines the term “capital offenses” appearing in Section 29 thereof, nor prescribes the punishment for these or any other crimes; therefore, the designation of “capital offenses” was left to the Legislature. The Legislature has done this by prescribing the death penalty as punishment for certain crimes. This designation by the Legislature is as effective today as before Furman. The classification of crimes as capital is a legislative rather than a judicial function.
In Ex Parte Dennis, supra, the Court said:
The first question to be decided is whether the legislature intended by Section 1-3-4 to retain armed robbery within the classification of capital crimes for which bail can be denied. In this determination consideration must be given to the simultaneous withdrawal of the death penalty from the robbery statute, other concurrent enactments, and the rule expressed in Hudson, supra.
The terms within quotation marks of Section 1-3 — 4 are used within the following statutes of the Code (perhaps others) pertaining to criminal trials:
13-5-73, Oath of jurors and bailiffs in capital cases;
13-5-77, Special venire facias to issue in certain criminal cases;
97-1-7, Attempt to commit offenses— punishment;
99-15-17, Compensation of counsel— amount;
99-15-27, Copy of indictment and special venire served to be given in capital cases; 99-15-43, Change of venue — capital cases;
99-15-47, Joint indictments — severance in felonies; and
99-17-3, Peremptory challenges — number allowed.
[[Image here]]
The protection of criminal procedures was the foundation reason of the Hudson decision. The procedural status quo was maintained though the death penalty could not be inflicted because of the interposition of federal power through the United States Supreme Court. However, the historic definition of a capital case as one permitting the death penalty was retained. We held that capital offenses when used in the statutes meant a class of cases wherein the legislature had authorized the death penalty, stating:
‘. . . The Legislature has done this by prescribing the death penalty as punishment for certain crimes .
[A] capital case is any case where the permissible punishment prescribed by the Legislature is death . . ’ *1176 At the time of Furman, Hudson and Blackwell [v. Sessums, Miss., 284 So.2d 38], the statute for armed robbery included the death penalty. This was removed in Chapter 576, Laws of 1974, Regular Session, specifically Mississippi Code Annotated Section 97-3-79 (Supp.1975). When the Legislature enacted Sections 1-3-4 and 97-3-79 in 1974 the construction we had often given “capital offenses” was within its knowledge. By passing legislation establishing the death penalty in some crimes and removing it from others, the previous definition we had given a “capital offense” or similar terms was implicitly adopted.
[[Image here]]
We are of the opinion the legislative intent was to draw a clear distinction between the present life imprisonment statute (previously permissive of either life imprisonment or death) and the death penalty statutes permitting only that punishment. We think the legislative purpose of the distinction was to eliminate the confusion that had arisen from “capital offenses” and similar terms existing in the statutes at the time of Fur-man and presently remaining therein. Its intention was to preserve the criminal procedures formerly associated with the trial of serious criminal offenses where the permitted punishment was either life imprisonment or death, but which presently permit as the maximum only life imprisonment. Armed robbery is in this last category. The seriousness of the crime, though its punishment was mitigated, nevertheless required the special standards to be maintained. We conclude the legislature in its wisdom did not intend by Section 1-3-4 to retain armed robbery within the class of capital offenses for which bail could be denied when it removed the death penalty from it.
It appears, therefore, that we already have decided the principal issues raised in this appeal. In order, however, to be sure that the bench and bar have definite yardsticks to follow, we now state the following: All statutory procedural safeguards that are now a part of the laws enacted by the legislature involving so-called “capital” crimes or offenses or “crimes of a serious nature” still are in full force and effect even though the death penalty has been removed from some of those offenses, included but not limited to armed robbery, forcible rape, and kidnapping. We hold that the legislature by enacting Section 1-3-4 of the Mississippi Code Annotated (1977 Supp.) intended to retain these safeguards in all cases where the maximum sentence is life imprisonment.
Therefore, it follows that in this case the lower court should have granted appellant’s request for a special venire and should have granted his request for twelve peremptory challenges. With the above findings, it is not necessary for us to consider appellant’s assignment of error No. 3.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.