365 So.2d 627 (1978)
Louise COX
v.
STATE of Mississippi.
No. 50808.
Supreme Court of Mississippi.
December 13, 1978.
*628 Farese, Farese & Farese, John B. Farese, Ashland, for appellant.
A.F. Summer, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant appeals from a conviction of murder and a life sentence by the Circuit Court of Tippah County. Three assignments of error were propounded, namely:
1. The trial court erred in failing to sequester the jury.
2. The trial court erred in not granting appellant's motion for a directed verdict at the conclusion of the evidence for the reason that the state did not meet its burden of proof.
3. The trial court erred in refusing to grant appellant's motion for a continuance.
The first assignment of error disposes of the appeal by requiring a reversal. The lower court erred in allowing the jury to disperse and go to their respective homes after adjournment of the court at the end of the first day of trial. As will be discussed later, we recognize the problem that the court had when that time arrived.
Prior to the start of the trial the lower court informed the jury that "... it will go into tomorrow, and I would like to ask a few additional questions on voir dire simply informing the jury that under the law, they will have to be sequestered, and probably will be two days, and if there's anyone who would be in such a ... I would like to inquire of the jury, gentlemen, if the fact that they're going to be sequestered overnight would affect them, and I will inform them, of course, that it's the law that's requiring that and not either side in this law case.
He further informed the panel that "I will state to you that as a matter of law, those of you selected to serve on the jury will have to be kept together as a group insofar as possible throughout the day, and if the case should go into tomorrow, you would have to be kept together overnight."
Late in the afternoon of the first day of the trial, the defendant became ill and was carried to a local hospital. The court, in dispersing the jurors, stated: "I realize that there is case law requiring that a jury in this type of trial be sequestered; however, there are not sufficient rooms in the local motel. It would be most difficult, if not impossible, to arrange for transportation and sequestration of the jury, even in neighboring towns and cities, at this late hour."
Because of this situation, the court permitted the jury to disperse to their homes until nine o'clock the following morning. Appellant's counsel did not agree to the dispersal of the jurors. The following morning appellant's counsel advised the court that he had received a call during the night regarding one of the jurors. It suffices to say that the court fully and adequately inquired of the jury as to any attempted influence and there was no indication that this occurred.
Appellee contends that the sequestration of a jury in a murder case where the maximum penalty is life imprisonment is not mandatory subsequent to the statutes separating the penalty under charges of murder as distinguished from capital murder. This question was settled in the case of Wilburn v. State, 356 So.2d 1173 (Miss. 1978), and the Court fully discussed the legislative intent in the passage in 1974 of Mississippi Code Annotated section 1-3-4 (Supp. 1978). This section provides:
The term "capital case," "capital cases," "capital offense," "capital offenses," and "capital crime" when used in any statute shall denote criminal cases, offenses and crimes punishable by death or imprisonment *629 for life in the state penitentiary. The term "capital murder" when used in any statute shall denote criminal cases, offenses and crimes punishable by death, or imprisonment for life in the state penitentiary.
We held in Wilburn that the Legislature by enacting Code section 1-3-4 "intended to retain these safeguards in all cases where the maximum sentence is life imprisonment." Although the Court, in Wilburn, was concerned with a statutory procedural safeguard, it is clear that the opinion intended to cover common law safeguards as heretofore announced by this Court. We said:
We are of the opinion the legislative intent was to draw a clear distinction between the present life imprisonment statute (previously permissive of either life imprisonment or death) and the death penalty statutes permitting only that punishment. We think the legislative purpose of the distinction was to eliminate the confusion that had arisen from "capital offenses" and similar terms existing in the statutes at the time of Furman [Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346] and presently remaining therein. Its intention was to preserve the criminal procedures formerly associated with the trial of serious criminal offenses where the permitted punishment was either life imprisonment or death, but which presently permit as the maximum only life imprisonment.
In Weaver v. State, 272 So.2d 636 (Miss. 1973), the Court said:
... Obviously, if this were a capital case, dispersal and separation of jurors would be reversible error even if permitted with the consent of the defendant.
The same pronouncement was made in Wilson v. State, 248 So.2d 802 (Miss. 1971).
We reaffirm here the requirement that in a "capital case" where the crime charged is punishable by death or a maximum of imprisonment for life in the state penitentiary, the jury shall be sequestered during the entire trial and this right cannot be waived either by the attorney for the accused or at the discretion of the trial court.
For the benefit of the bench and bar, we believe it advisable to now go further and be sure that there is a full clarification of the jury sequestration question in a felony charge less than capital.
In the case of Grimsley v. State, 212 Miss. 229, 54 So.2d 277 (1951), the Court reaffirmed its pronouncement in Clark v. State, 209 Miss. 586, 48 So.2d 127 (1950), and said:
As to the dispersal of the jury, the defendant in a prosecution for a felony is entitled to have the jury kept together without exception from the time it is selected until fully discharged.
In Nash v. State, 207 So.2d 104 (Miss. 1968), the defendant was charged and convicted of manslaughter by culpable negligence in the operation of an automobile. On the afternoon of the first day of the trial, the court permitted the jurors to separate for the night and objection was made by appellant's attorney, which was overruled by the court. In reversing the case for this reason alone, this Court said:
The next morning when court reconvened, the appellant moved for a mistrial because the jury had been permitted to disperse overnight. This motion was overruled. This same ground was alleged in the motion for a new trial, which was also overruled. Permitting the jury to disperse was reversible error. Carter v. State, 78 Miss. 348, 29 So. 148 (1900); Grimsley v. State, 212 Miss. 229, 54 So.2d 277 (1951).
The opinion in Nash does not state whether or not the matter of jury sequestration was considered and passed on by the court prior to trial or whether or not a request was made by defendant's attorney prior to trial.
In Weaver v. State, supra, the Court, in rejecting an assignment of error that the jury was permitted to separate during the trial of a person charged with assault and battery with intent to kill, made it clear that there was no objection by defendant or his attorney to the non-sequestration of *630 the jury. The attorney heard the court state to the jury prior to the beginning of the trial that it would not be sequestered.
The question of error in allowing the jury to separate in a felony less than capital was raised in Rogers v. State, 266 So.2d 10 (Miss. 1972), and in Nicholson v. State, 254 So.2d 881 (Miss. 1971). No reversible error was found there but it is clear that in both cases no request for sequestration or objection to dispersal was made at the trial.
For clarification, after a review of all the cases pertaining to the question, we hold that a person accused of a felony less than capital is entitled upon request to have the jury before whom he is being tried to be sequestered at all times during the trial. We hold that unless there is a request or an objection by the accused or his attorney, it is within the discretion of the court as to whether or not to sequester the jury. For further clarification, it is our opinion that the matter of sequestration of the jury should be determined and announced prior to the start of the trial. The attorney for the accused should not be required to request the sequestration or object to non-sequestration before the jury panel. It is a matter that should be decided and announced by the trial court out of the presence of the jury prior to the beginning of the trial. The attorney for the accused should be requested to advise the court as to whether or not he wishes the jury to be sequestered. If the attorney makes the request, then the trial court has no alternative but to sequester the jury. If the request is not made to do so and no objection is made prior to beginning the trial, then it is within the discretion of the trial court as to whether or not to sequester the jury.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.