Defendant was indicted for murder, convicted of manslaughter, and sentenced to fifteen years imprisonment by the Circuit Court of Covington County.
The trial lasted two days and at the end of the first day, the jurors were allowed to separate for the night by agreement of the state, the attorney for the defendant, and the defendant. The jury was not sequestered because the motels were crowded.
Defendant does not assign as error failure to sequester the jury; however, the state cited Cox v. State, 365 So.2d 627
(Miss. 1978) in its brief. In Cox we held that the jury must be sequestered in cases where the crime charged is punishable by death or a maximum of life imprisonment, and in other felony cases on the request of the defendant, or at the discretion of the trial judge. *Page 1309 
We have reexamined Cox and determined that it should be modified because jurors must be quartered in hotels or motels in most counties, and as evidenced by the present case, trial judges sometimes are unable to secure quarters for a jury overnight. While this case was pending the circuit judges submitted Proposed Rules of Criminal Procedure for approval by this Court. On August 15, 1979, we approved the Rules of Criminal Procedure and rewrote Rule 5.07 to read as follows:
 In any case where the defendant is charged with a crime punishable by death and the state seeks to impose the death penalty, the jury shall be sequestered during the entire trial.
 In all other criminal cases, the jury may be sequestered upon request of either the defendant or the state made at least 48 hours in advance of the trial. The trial judge may, in the exercise of sound judicial discretion, either grant or refuse the request to sequester the jury. In the absence of a request, the trial judge may, on his own initiative, sequester a jury at any stage of a trial.
We hold that failure to sequester the jury in this case was not error because the defendant agreed to this procedure. We see no reason to prohibit a defendant from waiving his common law right to have a jury sequestered when the defendant may waive his constitutional right to a trial by jury in the first instance. It is well settled that defendant may waive other constitutional rights.
Defendant assigned eight errors. We have carefully considered each one but do not find reversible error. The assignments of error deal with questions that have been before this Court many times, and we conclude that further discussion would not benefit the bench and bar of this state.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.