ROBERTSON, Justice,
for the court:
The matter arises out of a November 28, 1984 incident at a carwash near the intersection of Capitol Street and Prentiss Street in the city of Jackson. At approximately 1:00 in the afternoon on that day, Kenneth Lee Griffin, Defendant below and Appellant here, took from Latrice B. Hill’s automobile the sum of $380.00 which belonged to Hill.
On March 4, 1985, the Hinds County Grand Jury returned an indictment charging Griffin with the armed robbery of Ms. Hill. The matter came on for trial on July 15, 1985, whereupon Griffin took the witness stand and admitted that he took the purse and money belonging to Ms. Hill but denied emphatically that he was armed at the time. The jury in due course found Griffin guilty of robbery, Miss.Code Ann. § 97-3-73 (1972), as distinguished from armed robbery, and thereafter the Circuit Court pronounced the 15 year sentence mentioned above. Miss.Code Ann. § 97-3-75 (1972). Following presentation and denial of the usual post-trial motions, Griffin perfected his appeal to this Court.
Griffin complains that the jury before whom he was tried was not sequestered, a violation of a supposed rule that in capital cases, juries must be sequestered, period. The record reflects no pre-trial motion on behalf of either Griffin or the State requesting sequestration. The only allusion to the lack of jury sequestration appearing in the record is a motion tendered orally by defense counsel at the conclusion of all of the evidence but prior to the making of final arguments to the jury. Defense counsel then said:
For the record, Your Honor, I would like that Defendant Kenneth Griffin move for a mistrial because during this break, Your Honor, which occurred at approximately 4:15 to 4:30 I have personally noticed that the Jury, even though they leave the courtroom, they do not remain in the juryroom, Your Honor, and are in fact wandering all around the courthouse in the proximity of witnesses *588 for the State as well as the Defense, Your Honor.
BY THE COURT:
The motion will be denied.
Rule 5.07, Miss.U.Crim.R.Cir.Ct.Prac., reads as follows:
In any case where the defendant is charged with a crime punishable by death and the state seeks to impose the death penalty, the jury shall be sequestered during the entire trial.
In all other criminal cases, the jury may be sequestered on request of either the defendant or the state made at least 48 hours in advance of the trial. The trial judge may, in the exercise of sound judicial discretion, either grant or refuse to the request to sequester the jury. In the absence of a request, the trial judge may, on his own initiative, sequester a jury at any stage of a trial. [Emphasis added]
We have on three prior occasions considered Rule 5.07. In Barnes v. State, 374 So.2d 1308 (Miss.1979), defense counsel agreed that the jurors might separate for the night. The Court held that the defendant, Barnes, had waived such rights as he may have had under Rule 5.07. In this connection we note that Griffin argues that the right to have a sequestered jury in a capital case is one that may not be waived. We disagree. If the right to trial by jury at all may be waived, it follows on principle that the right, if any, to a sequestered jury may be waived. Barnes v. State, 374 So.2d at 1309.
In Witherspoon v. State, 441 So.2d 1363 (Miss.1983), a murder prosecution which resulted in a manslaughter conviction, defendant moved that the jury be sequestered but less than 48 hours in advance of trial. The trial judge denied the motion. This Court refused to reverse in the context of a claim that there had been an unauthorized communication with one of the jurors. The point to be recognized is that Rule 5.07 makes mandatory sequestration of the jury only in death penalty cases. In cases such as Witherspoon, Rule 5.07 provides
the trial judge may, in the exercise of sound judicial discretion, either grant or refuse the request to sequester the jury.
The Witherspoon court found that the trial judge had not abused his discretion in refusing to order sequestration of the jury nor with respect to the unauthorized contact with a single juror. 441 So.2d at 1364.
Gerlach v. State, 466 So.2d 75, 78-79 (Miss.1985) was a murder prosecution which had resulted in a murder conviction and sentence of life imprisonment. The defendant had not requested that the jury be sequestered prior to trial. Furthermore the record reflected no objection or motion for mistrial at the time of an alleged unauthorized contact with one juror. Because defendant failed to comply with that portion of Rule 5.07 which requires a request for sequestration in advance of trial, the Court denied the assignment of error and affirmed. 466 So.2d at 78-79.
In the case at bar, Griffin made no pretrial request for sequestration of the jury. Rather, he relies upon Cox v. State, 365 So.2d 627, 629 (Miss.1978) and Wilson v. State, 248 So.2d 802, 804-05 (Miss.1971) for the proposition that the right to sequestration of jurors may not be waived. Rule 5.07 provides to the contrary, any preexisting right to sequestration being of a non-constitutional nature.[1] A combined reading of Barnes, Witherspoon and Gerlach should remove any doubt regarding the authoritative status of Rule 5.07. That rule makes clear, even where a timely request for sequestration has been made, that the trial judge in his sound discretion may deny the request.
A further point should be mentioned. Griffin seems to think that the *589 charge against him was one denominated “capital” under Mississippi law, see Miss. Code Ann. § 1-3-4 (Supp.1985)[2]; Ex Parte Dennis, 334 So.2d 369 (Miss.1976); Blackwell v. Sessums, 284 So.2d 38 (Miss.1973), and that this fact somehow confers upon him an unwaivable right of sequestration of the jury. Rule 5.07, however, limits automatic sequestration to that narrow class of cases in which the State actually seeks the death penalty. Here the State charged Griffin with armed robbery, the maximum penalty for which was life imprisonment. Miss.Code Ann. § 97-3-79 (Supp.1985). Inasmuch as the State did not seek the death penalty, Rule 5.07 affords Griffin no relief. Indeed, a review of Barnes, Witherspoon and Gerlach make clear that each of those cases involved murder indictments where the accused was exposed to a possible sentence of life imprisonment. In none of those cases, however, was the accused exposed to the death penalty. Accordingly, Rule 5.07 afforded no automatic right to sequestration to the accused.
Finally, the fact that the jury returned a verdict of robbery wholly eviserates Griffin’s argument. Even if we had accepted the wholly tenuous argument advanced by Griffin that the charge against him was sufficiently capital so that he became entitled to a sequestered jury as of right, we would not reverse because the jury returned a verdict acquitting Griffin of the capital charge and convicting him of one less than capital. Cf. Lambert v. State, 462 So.2d 308, 311-12 (Miss.1984) (where defendant has been convicted of lesser included offense of murder, court will not reverse for capital murder indictment error relating to underlying felony only); Carter v. State, 402 So.2d 817, 819 (Miss.1981) (one convicted of lesser included offense of manslaughter may not on appeal complain of erroneous instruction regarding principal charge of murder). If a right attaches by virtue of a charge being capital in nature, then for that reason alone, no cognizable prejudice sufficient to require reversal may be found where the jury in effect acquits on the capital charge.
CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IMPRISONMENT AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., not participating.

. In a variety of contexts, we have held the provisions of our Uniform Criminal Rules of Circuit Court Practice to supplant any preexisting rules of non-constitutional stature. See, e.g., Miller v. State, 492 So.2d 978, 982 (1986); Harden v. State, 465 So.2d 321, 324 (Miss.1985); Jones v. State, 461 So.2d 686, 693-94 (Miss.1984); Jackson v. State, 337 So.2d 1242, 1253 (Miss.1976).

. Miss.Code Ann. § 1-3-4 (Supp.1985), in pertinent part, reads:
The terms ‘capital case’, ‘capital cases’, ‘capital offense’, ‘capital offenses’, and ‘capital crime’ when used in any statute shall denote criminal cases, offenses and crimes punishable by death or imprisonment for life in the state penitentiary....